[No. 28196. *En Banc.* December 11, 1940.]

THE STATE OF WASHINGTON, *on the Relation of The City of Seattle, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Robert M. Jones, Judge, Respondent.*[1]

*A. C. Van Soelen* and *C. C. McCullough,* for relator.

*Dwight N. Stevens* and *Howard W. Hedgcock,* for respondent.

MILLARD, J.—In an action instituted in the superior court for King county by R. M. Morrissey and wife to recover against the city of Seattle for personal injuries alleged to have been sustained by plaintiff wife as the result of defendant's negligence in the maintenance of a sidewalk, plaintiffs served summons and complaint upon defendant city November 23, 1938,

[1]Reported in 108 P. (2d) 342.

but they did not file their complaint until March 17, 1939. The defendant filed and served its answer December 1, 1938.

As a result of the defendant's effort to bring the cause to trial by service of note therefor March 14, 1939, on the plaintiffs, the complaint was filed by the plaintiffs March 17, 1939, and the action was set for trial on September 26, 1939. The trial was continued from September 26, 1939, to November 16, 1939. On November 14, 1939, the cause was stricken from the trial calendar.

Defendant filed a motion in the superior court for King county July 25, 1940, to dismiss the action for want of prosecution. The affidavit on which the motion to dismiss the action is based recites the foregoing facts in addition to the averment that the continuance of the cause and the striking of same from the trial calendar were at the request of plaintiffs, who have done nothing since the commencement of the action to bring the cause on for trial. On July 29, 1940, plaintiffs noted the action on trial docket for hearing on August 3, 1940.

On July 30, 1940, after hearing thereon, the trial court entered an order denying defendant's motion to dismiss the action. The record does not disclose the reason for denial of defendant's motion, which is based on Rule III, which reads as follows, of the Rules of Practice (193 Wash. 40-a), which was adopted by this court and became effective August 1, 1938:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after

notice to the adverse party." Rem. Rev. Stat. (Sup.), § 308-3.

The cause is now before us on order to show cause why we should not grant the application of defendant for a writ of mandate requiring the superior court for King county to grant the motion to dismiss the action without prejudice. The return of respondent court, excusatory of refusal to grant the motion, is to the effect that, on or before September 26, 1939, the cause was continued to November 16, 1939, at the request of the plaintiffs and with the consent of the defendant acting through one of its attorneys; that the cause was stricken from the trial calendar November 14, 1939, at the request of the plaintiffs and with the consent of defendant's counsel.

Counsel for defendant relator has filed in this court a controverting affidavit to the effect that defendant's counsel never agreed to any continuance of the action and denies that he consented to striking same from the trial calendar; that, at the time counsel for plaintiffs

" . . . requested a continuance, this affiant opposed the same, but not strenuously, until the application was made for the continuance from November 16, 1939, at which time affiant actively opposed any continuance."

It is true that we are committed to the rule that, where the express mandatory conditions of a statute or rule providing for dismissal of actions if not brought to trial within a specified time are clearly established and without contradiction, the court is without discretion in the matter, and mandamus is the proper remedy to require the court to perform the act of granting the motion to dismiss. *State ex rel. Lyle v. Superior Court*, 3 Wn. (2d) 702, 102 P. (2d) 246. See, also, *State ex rel. Goodnow v. O'Phelan*,

*ante* p. 146, 106 P. (2d) 1073, and *State ex rel. Philips v. Hall, ante* p. 531, 108 P. (2d) 339.

It should be borne in mind that the mandatory provision of the rule quoted above that any civil action shall be dismissed without prejudice if the plaintiff or cross-complainant fail to bring the action on for trial or hearing within one year after any issue of law or fact has been joined, is subject to the qualification, "unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss."

The right of a defendant to a dismissal of an action for failure to bring same to trial within one year after any issue of law or fact has been joined is waived if the defendant stipulate that the action need not be brought to trial within the period fixed by the rule.

If the relator consented to the continuance of the cause and the striking of same from the trial calendar —the relator is concluded as to that question by the return of the trial court—relator may not successfully invoke Rule III, as relator is equally at fault with the plaintiffs for failure to bring the action on for trial or hearing within one year after issue had been joined.

The affidavit of counsel for relator controverting the return of respondent court may not be considered. This is an application to this court for a writ of mandate requiring the superior court to grant a motion to dismiss an action for want of prosecution, therefore it would be inappropriate for us to review the action of the superior court in deciding the question of fact whether relator consented to the continuance of the cause and the striking of same from the calendar.

The application for the writ is denied.

BLAKE, C. J., MAIN, STEINERT, ROBINSON, and SIMPSON, JJ., concur.

BEALS, J. (concurring)—The action which relator seeks to dismiss pursuant to Rule III was commenced by service of summons and complaint upon the defendant therein (relator here), November 23, 1938. The defendant answered promptly, and caused the action to be placed on the trial docket March 14, 1939. In due time the case was set for trial for September 26, 1939, and was regularly continued to November 16th following. November 14th the cause was stricken from the trial calendar. July 25, 1940, the defendant moved to dismiss the action, invoking Rule III, several months less than one year from the date the cause was stricken from the trial calendar.

When the defendant in an action has noted the case for trial, and the cause is on the trial calendar for setting, the plaintiff cannot note the case for trial, as it is already on the trial calendar. The same is true after the case has been set for trial pursuant to the defendant's action in noting the case. During this period, then, no burden rests upon the plaintiff to note the pending issue, and indeed, he cannot do so. For this reason, I am of the opinion that the period during which the case is on the trial calendar pursuant to the defendant's note cannot be considered as within the period of one year within which the plaintiff is required to note a pending issue of law or fact for hearing, as during that period the burden which rests upon the plaintiff has been performed by the defendant. The rule cannot require a plaintiff to perform the useless gesture of noting for trial an issue which is already on the trial calendar for hearing. Certainly, it could not be argued that, if the defendant noted a case for trial, and because of a congested trial calendar it would remain unset for a year, the defendant could then move to dismiss the action under Rule III, because the plaintiff had not, during

that period, noted the issue for trial, when during the entire period the action was on the trial docket awaiting the court's convenience.

The defendant invoked the provisions of Rule III several months before the expiration of a year from the date the cause was stricken from the trial calendar.

While I am in accord with the majority opinion, it seems to me that, independent of any disputed questions of fact, it clearly appeared that Rule III had no application to the situation which was presented to the trial court, and that no ground existed for the dismissal of the action.

JEFFERS and DRIVER, JJ., concur with BEALS, J.