[No. 33098.  Department One.  April 14, 1955.]

VERNE HAYES *et al., Appellants,* v. CHARLES O. QUIGG *et al., Respondents.*[1]

[1]Reported in 282 P. (2d) 301.

*Kumm, Copass & Cook,* for appellants.

*John D. Ehrhart* and *Clark W. Adams,* for respondents.

SCHWELLENBACH, J.—Plaintiffs commenced this action to recover damages for alleged negligence and trespass arising out of the acts of defendants in dredging the mouth of the Humptulips river and causing damage to the plaintiffs' growing oysters. Summons and complaint were served on February 7, 1952. Motion to make more definite and certain and to strike, and a demand for security for costs, were served on February 25, 1952. April 14, 1952, counsel for plaintiffs wrote to counsel for defendants asking if it would be satisfactory to furnish a joint and several cost bond and also asking if it would be satisfactory to furnish a bill of particulars in response to the motion to make more definite and certain, and, in such event, if they were willing to forego the motion to strike. April 21, 1952, defendants' counsel answered, agreeing to the cost bond proposal, agreeing to the bill of particulars proposal, but reserving the right to move against it if not complete, and agreeing to forego the motion to strike, conditioned upon filing the bill of particulars.

Nothing further was done until April 6, 1953, when the cost bond and bill of particulars were served and filed. April 25, 1953, defendants served their answer and filed it April 27, 1954. After service of the answer, plaintiffs served interrogatories on defendants, which were answered on or about July 14, 1953. On or about July 29, 1953, defendants served interrogatories on plaintiffs, which were in the process of being answered when this matter arose. April 6, 1954, a motion to set for trial was served on attorneys for defendants.

April 13, 1954, defendants moved for dismissal under Rule of Pleading, Practice and Procedure 3, 34A Wn. (2d) 69, and also for want of prosecution independent of Rule 3. The trial court granted the motion on both grounds, and this appeal follows.

Rule of Pleading, Practice and Procedure 3; 34A Wn. (2d) 69, provides:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

We have many times held that the above rule is mandatory, and that, in passing upon a motion raised under it, there is no opportunity granted for the exercise of judicial discretion. *Caldwell v. Caldwell*, 30 Wn. (2d) 430, 191 P. (2d) 708, and cases cited therein.

The motion for cost bond, to strike, and to make more definite and certain was served on February 25, 1952. That raised an issue of law. April 6, 1953, more than one year later, the cost bond and bill of particulars were served and filed. Appellants contend that the issue of law was terminated, dissipated, and removed by mutual agreement when the defendants accepted the offer of compromise and settlement of the issue on April 21, 1952, as indicated by the exchange of letters. We cannot agree. It was still incumbent upon appellants to furnish a bill of particulars within one year after February 25, 1952, the date of the motion. They failed to do this, and defendants had a right to move for dismissal under Rule 3 after the year had elapsed and as long as that issue was joined. The issue was not necessarily disposed of by the service of the bill of particulars because defendants had reserved the right to move against . it.

However, on April 25, 1953, defendants served their answer, thus creating entirely new issues of law and fact. By serving their answer, the previous issue raised by the motion to make more definite and certain was eliminated and ceased to exist. The case then became subject to trial on the issues of law and fact raised by the complaint and the answer. In *State ex rel. Washington Water Power Co. v.*

*Superior Court*, 41 Wn. (2d) 484, 250 P. (2d) 536, we said:

"Thus it is apparent, that each case moves in and out of the operation of the time limit fixed by Rule 3 as issues of law or issues of fact are raised and decided. Once the time has begun to run, it is terminated and ended when such issues are dissipated. It commences anew when another such issue is raised."

The answer was served on April 25, 1953. The motion for dismissal under Rule 3 was served April 13, 1954, less than one year after the issues raised by the serving of the answer had been joined. The trial court erred in granting the motion to dismiss on that ground.

■ The court also dismissed for failure to diligently prosecute the action independently of Rule 3. This is a matter within the discretion of the trial court and our province is to review such exercise of discretion. See *Stickney v. Port of Olympia*, 35 Wn. (2d) 239, 212 P. (2d) 821.

■ The court was of the opinion that there was a lack of diligence on the part of appellants in prosecuting their cause of action, and pointed out that more than two years had elapsed from the date of the service of the summons and complaint and the noting of setting for trial. We agree that appellants were dilatory. However, the issues were somewhat involved. Counsel for appellants lived in Seattle, while counsel for defendants lived in Aberdeen. After the answer was served, each party propounded interrogatories to the other preparatory to going to trial. We find nothing in the record to indicate abandonment on the part of appellants, or that the defendants were prejudiced by reason of any delay. Our reading of the memorandum opinion convinces us that the trial court would not have granted the motion to dismiss for lack of prosecution if it had denied the motion to dismiss under Rule 3. In the court's mind, the dismissal for lack of prosecution seemed to follow dismissal under Rule 3 as a natural sequence.

The order dismissing the action is reversed.

HAMLEY, C. J., DONWORTH, MALLERY, and FINLEY, JJ., concur.