[No. 35143. *En Banc.* April 21, 1960.]

THE STATE OF WASHINGTON, *on the Relation of Mabel Witting, as Executrix, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *William J. Wilkins, Judge, Respondent.*[1]

*Casey & Pruzan (John F. Kovarik,* of counsel), for relator.

*Carl P. Zapp* and *Leo A. Anderson,* for respondent.

FOSTER, J.—This cause is here upon the petition of the defendant for a writ of mandamus to compel the trial court to dismiss the cause under Rule of Pleading, Practice and Procedure 3, 34A Wn. (2d) 69.

[1]Reported in 351 P. (2d) 409.

After issue was joined, this tort action was noted for the trial calendar and thereafter set to be tried on February 5, 1958. On February 4, 1958, there is a minute entry reciting "Cause continued subject to call." On April 7, 1959, plaintiff moved " . . . that the above entitled cause, now carried on the trial calendar continued subject to call, be brought on before the Presiding Judge for setting of a trial date."

Two days thereafter, April 9, 1959, the defendant moved to dismiss for want of prosecution under Rule 3, *supra.* This motion was denied. In a memorandum opinion, the trial court gave the following reasons for its refusal to dismiss:

"It is the local practice of the King County Superior Court to allow a continuance of a case subject to call only by agreement of counsel for both plaintiffs and defendants. When a case is so continued, it is not stricken from the trial docket but carried there until another trial date is assigned. Normally the new date is set by agreement of counsel for both sides making their selection from available trial dates. If counsel are unable to agree on a new trial date, the case may be 'called' by counsel for either side conferring with the presiding judge or by motion such as that of the plaintiff in the instant case. Since the case is carried on the trial docket, it is the opinion of this Court that a further note for the trial docket is not appropriate nor is it required because both counsel have agreed to the above procedure.

"It is the opinion of this court that the instant case does not fall within the mandatory provisions of Rule 3 of Pleading, Practice and Procedure, and further that that portion of defendant's motion directed to the court's discretion should be denied. Therefore, the defendant's motion should be denied and the plaintiff's motion granted."

Rule of Pleading, Practice and Procedure 3, *supra,* is as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the

motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

The parties admit that, on the day before the trial date, the cause was continued subject to call and that this was done pursuant to agreement.

█ The decisions are clear that in cases within the purview of Rule 3, *supra*, no element of discretion is involved, and the cause must be dismissed.

█ However, this case is not clearly within the terms of the rule. No further note for the motion docket was required. RCW 4.44.020 provides in part as follows:

"When a cause has once been placed upon either docket of the court, if not tried or argued at the time for which notice was given, it need not be noticed for a subsequent session or day, but shall remain upon the docket from session to session or from law day to law day until final disposition or stricken off by the court. . . ."

*State ex rel. Seattle v. Superior Court*, 6 Wn. (2d) 540, 108 P. (2d) 342, held that the rule does not apply if there is a stipulation that the cause need not be noticed for trial within the year. It is apparent from the remarks of the trial judge and the written and oral arguments of the parties that the cause was continued subject to call pursuant to the agreement of the parties. It is not clearly within the mandatory provisions of the rule, which should be strictly construed instead of being extended by construction, and the writ is, therefore, denied.

FINLEY, ROSELLINI, OTT, and HUNTER, JJ., concur.

WEAVER, C. J. (dissenting)—More than a year elapsed between February 4, 1958—the date the "cause [was] continued subject to call"—and April 9, 1959—the date defendant moved to dismiss the action for want of prosecution, pursuant to Rule of Pleading, Practice and Procedure 3, RCW Vol. 0. (Renumbered Rule of Pleading, Practice and Procedure 41.04W, 54 Wn. (2d) lvii.)

During this period, defendant took no action that caused "the failure to bring the same on for trial."

Based upon the fact that "the cause was continued sub-

ject to call pursuant to the agreement of the parties," the majority opinion concludes that Rule 3 does not apply because of this court's pronouncement in *State ex rel. Seattle v. Superior Court*, 6 Wn. (2d) 540, 108 P. (2d) 342 (1940).

"The procedural term, 'subject to call,' as used by the trial court, is not defined in the special rules of the superior court for King county, nor is the procedure outlined which thereafter should be invoked. In order to determine the subsequent procedure, the words used must be given their usual and ordinary meaning. 'Subject to call' ordinarily means that either of the interested parties can, by a proper motion addressed to the trial court, request that the cause be called for trial on a day certain. Likewise, the term would ordinarily mean that the trial court, in order to clear its calendar of pending litigation, could notify the counsel of record that it was calling the case for trial and arrange a trial date." *MacKay v. MacKay,* 55 Wn. (2d) 344, 347 P. (2d) 1062 (1959).

We have held, heretofore, that the court's opinion in the *Seattle* case, *supra,* must be interpreted in the light of the facts before the court. We said:

"If lifted from its factual setting, the conclusion can be drawn from it that once a defendant consents that an action need not be noted for trial within a year, he is thereafter foreclosed from raising the question. Such interpretation would pervert the reason and purpose of Rule 3. However, when reference is made to the facts, it is apparent that the waiver refers and applies to the time accruing *prior to the stipulation.* This period of time having been waived by the stipulation, it could not be used in computing the time requirement of Rule 3. The waiver was made by the movant. Hence, failure to bring the case on for trial or hearing, within a year from date of issue, was caused by the party making the motion to dismiss.

"  .   .   .

"Thus the consent to strike the case from the trial calendar waived the use of the period accruing prior to the stipulation and *started the time running anew from the date of the stipulation.   .   .   .* " (Italics mine.) *State ex rel. Washington Water Power Co. v. Superior Court,* 41 Wn. (2d) 484, 493, 250 P. (2d) 536 (1952).

I cannot appreciate any difference between (1) agreeing that the case may be stricken from the trial docket and (2)

agreeing that the trial may be placed in abeyance and held "subject to call."

In *State ex rel. Heyes v. Superior Court,* 12 Wn. (2d) 430, 121 P. (2d) 960 (1942), issue was joined March 23, 1940. The case was set for trial on December 11, 1940; however, on December 6, 1940, the trial was vacated "by an order *approved by both parties.*" (Italics mine.) December 18, 1941, defendant filed a motion to dismiss the action on the ground that it had not been brought on for trial within the time required by Rule 3. No proceedings occurred in the case between December 6, 1940 (the date the trial was vacated by agreement), and December 18, 1941 (the date of the motion to dismiss). This court said, on page 433:

" . . . As appears in the return of the court, more than one year elapsed between December 6, 1940, when an order was entered vacating the previous assignment for trial, and December 18, 1941, when the motion to dismiss for want of prosecution was filed. When the time fixed by Rule III has expired, it becomes the mandatory duty of the court, as a matter of law, to dismiss the action. [Citing authorities.]"

Thus, the court dated time under Rule 3 *from the date of the agreement between the parties that vacated the setting.*

To my mind, placing the trial of a case "subject to call" neither removes the case from the operation of Rule 3, subsequent to this designation, nor shifts the burden of going forward to the defendant. We said in *State ex rel. Philips v. Hall,* 6 Wn. (2d) 531, 537, 108 P. (2d) 339 (1940):

" . . . a defendant is under no obligation to speed the trial, and cannot be charged with neglect if he maintains his position on the defensive, and simply meets issues of law or of fact as the plaintiff regularly calls them up for hearing. . . ."

Both counsel agreed that the trial might be placed "subject to call." We held in *State ex rel. Washington Water Power Co. v. Superior Court,* 41 Wn. (2d) 484, 250 P. (2d) 536 (1952), that an agreement only prevents the use of time *prior* to it in computing time under Rule 3.

In the instant case, more than a year elapsed between the time the case was made "subject to call" and the motion was made to dismiss for want of prosecution.

The obligation of going forward to escape the operation of the rule always belongs to the plaintiff, not to the defendant. *State ex rel. Washington Water Power Co., supra,* p. 489, and cases cited.

I would issue the writ of mandamus.

MALLERY, HILL, and DONWORTH, JJ., concur with WEAVER, C. J.