[No. 35686.   Department One.   March 2, 1961.]

M. M. McDowell, *Plaintiff*, v. J. R. Burke *et al.*, *Defendants and Relators*, THE SUPERIOR COURT FOR KING COUNTY, *James W. Mifflin, Judge, Respondent.*[1]

¹Reported in 359 P. (2d) 1037.

*Bogle, Bogle & Gates* by *Don Paul Badgley,* for defendants and relators.

*Melvin T. Swanson,* for respondent.

ROSELLINI, J.—The relators seek a review of an order of the Superior Court for King County denying their motion to dismiss the action, which was brought to foreclose a lien for labor performed in the construction of a building. The motion was founded upon an allegation that the plaintiff had failed to diligently prosecute the action.

The record shows that an amended complaint was filed on March 27, 1959. On April 15, 1959, a demurrer was filed. It was noted for hearing on April 28, 1959, but the note was stricken by the plaintiff on May 7, 1959. In the meantime, the prime contractor brought an action against the relators, claiming an amount which would include the sum claimed by the plaintiff. Apparently relying upon his hope that the contractor's action would be successful, the plaintiff failed to again note the demurrer for hearing; and on June 10, 1960, the relators filed their motion and affidavit to dismiss for want of prosecution.

Rule 41.04W, Rules of Pleading, Practice and Procedure (formerly Rule 3), RCW Vol. 0, provides as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counter-claimant, cross-claimant, or third-party plaintiff neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. . . ."

In *State ex rel. Washington Water Power Co. v. Superior Court*, 41 Wn. (2d) 484, 250 P. (2d) 536, we said of this rule:

"The provisions of the rule are mandatory. When the condition of the record is such that the rule applies, the court has no discretion. It must, upon motion, dismiss the action. [Citing cases.]

"In applying the rule, the court cannot consider the merits of the case nor the hardship which its application may bring, even though the cause of action may, if dismissed

without prejudice, be barred by the statute of limitations. [Citing case.] The obligation of going forward to escape the operation of the rule always belongs to the plaintiff (or cross-complainant) and not to the defendant. [Citing cases.] . . .

"In order to obtain a dismissal under the provisions of Rule 3, a movant must show: (1) that an issue of law or fact was outstanding for a year; (2) that the complainant failed to note it for trial within one year after the issue arose; and (3) that the failure to note the cause for trial was not caused by the movant."

■ The serving and filing of a demurrer joins an issue of law at the time the demurrer is filed. *State ex rel. Lyle v. Superior Court*, 3 Wn. (2d) 702, 102 P. (2d) 246. There is no question but that the plaintiff failed to note the issue for hearing within a year after the demurrer was filed in this case and that the failure was not caused by the relators.

■ The parties agree that, in denying the motion to dismiss, the trial court proceeded on the theory that Rule 7, which became effective January 1, 1960, nullified the effect of the demurrer. It is true that this rule does not authorize the filing of a demurrer. However, although this action was pending at the time the rule became effective, the demurrer had been served and filed more than eight months before that date. Rule 86 provides:

"These rules take effect on the dates specified by the supreme court and thereafter all laws and rules of procedure in conflict therewith shall be of no further force and effect. They govern all proceedings in actions after they take effect, and also all *further* proceedings in actions pending on their effective dates, except to the extent that in the opinion of the court, expressed by its order, the application of rules in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the procedure existing at the time the action was brought applies." (Italics ours.)

As this rule plainly reveals, it was not the intention of this court, in formulating the new rules of pleading, practice, and procedure, to nullify pleadings which had been served and filed prior to the date the rules were to become effective. Such retroactive application would mean that most, if not

all, pending actions would have to be begun anew. The court has made it clear that this result was not intended. The first proceeding which occurred in this pending action after the new rules took effect was the filing of the motion to dismiss. The rule governing the decision on this motion was not changed when the rules were amended, and was the same as that discussed in the cases from which we have quoted in this opinion.

The order is reversed and the action dismissed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.

[1]Reported in 359 P. (2d) 1039.