[No. 36415.     Department Two.     August 2, 1962.]

ROBERT E. BURNS et al., *Plaintiffs*, v. WILLIAM S. PAYNE et al., *Defendants and Relators*, THE SUPERIOR COURT FOR KING COUNTY, *James W. Mifflin, Judge, Respondent.*[*]

*Clarke, Clarke, Albertson & Bovingdon,* by *George G. Bovingdon* and *Macbride, Martin & Shorts,* by *Arthur R. Hart,* for defendants and relators.

*Monheimer, Schermer, Van Fredenberg & Smith,* by *D. Van Fredenberg,* for respondent.

[*]Reported in 373 P. (2d) 790.

OTT, J.—January 19, 1959, Robert E. Burns and William S. Payne were involved in an automobile accident. Robert E. Burns and Marjorie R. Burns, his wife, commenced this action against William S. Payne and wife, Rice Trimble Company, and Emily E. Richardson, to recover damages. The complaint was filed July 16, 1959. The defendants Payne and Richardson served their answer December 22, 1959, and filed it with the clerk of the court February 9, 1961. The defendant Rice Trimble Company served its answer March 10, 1960. November 18, 1961, the attorney for the plaintiffs withdrew and, on November 21, 1961, present counsel for the plaintiffs prepared and attempted to file a notice with the clerk to place the case on the trial docket for setting. The request was refused by the clerk of the superior court because of Rule 35 (b) of the Special Rules of the Superior Court for King County, which prohibits the noting of causes for trial when the pleadings are not filed. The answer of Rice Trimble Company was subsequently filed, and, December 1, 1961, the cause was noted for trial.

January 23, 1962, defendants Payne and Richardson moved for dismissal of plaintiff's claim for want of prosecution, in accordance with Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0. January 31, 1962, defendant Rice Trimble Company joined in the motion. The motion was denied by the trial court for the reason that the time required by Rule of Pleading, Practice and Procedure 41.04W had not expired, inasmuch as "said cause did not become at issue upon the serving of the answer but only upon the serving and filing thereof."

The defendants seek review in this court, by certiorari, of the order denying their motion to dismiss.

The sole question is: Were the issues joined by the serving of the answers, thus invoking the provisions of Rule of Pleading, Practice and Procedure 41.04W? The rule provides in part:

"(a) *Dismissal on Motion of Parties.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross-claim-

ant, or third-party plaintiff neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

Rule 35 (b) of the Special Rules of the Superior Court for King County provides:

"Cases Not at Issue Not to Be Docketed. The clerk shall not place any cause on the trial calendar nor will any cause be set down for trial until the issues have been fully made up and pleadings filed."

The issues of a cause are joined, within the purview of Rule of Pleading, Practice and Procedure 41.04W, upon the serving of the complaint and answer. In *Craig v. Clearwater Concentrating Co.,* 21 Wn. (2d) 530, 534, 151 P. (2d) 828 (1944), we said:

". . . We deem it unnecessary to quote from the statutes or to cite decisions to the effect that, under our procedure, when a complaint and summons are served, the complaint becomes immediately operative. When that has been done, the action is under way, although nothing has been filed in court. An answer likewise becomes operative at the time it is served. A default cannot be taken if an answer has been served within the statutory period [RCW 4.56.160]. Both the complaint and answer are fully operative, although not filed, and an issue of fact is joined by the one denying the material, factual allegations of the other. In our opinion, an issue of fact was 'joined' when the Clearwater Co. served its answer in 1939. Moreover, the appellant must have been of that opinion when he filed the note for trial in January, 1941."

In *State ex rel. Pacific Fruit & Produce Co. v. Superior Court,* 22 Wn. (2d) 327, 155 P. (2d) 1005 (1945), we held that, when the conditions of the rule have been complied with, the court exercises no discretion in granting a motion to dismiss. In the cited case, as here, the clerk refused to note the cause for trial for the reason that the answer had not been filed as provided by the local superior court rule. We there said [p. 331]:

". . . Plaintiff in this action could not take refuge

behind a local court rule, though it be a proper one as adopted by the superior court. If plaintiff had decided to comply with Rule 3 [now Rule 41.04W(a)] of this court, he could have compelled defendants to file their answer or suffer default. Plaintiff did not act promptly and must suffer the consequences."

The cited cases are decisive of the issue here presented.

■ Plaintiffs contend that our statement in *Craig v. Clearwater Concentrating Co., supra,* that "A default cannot be taken if an answer has been served within the statutory period" is inconsistent with the mandatory provisions of Rule of Pleading, Practice and Procedure 41.04W. We do not agree. The statutory bar contained in RCW 4.56.160, which prohibits default if an answer has been served within the statutory time, is not here controlling. A plaintiff confronted with the provisions of a local superior court rule, such as King County Superior Court's Rule 35(b), can compel the filing of pleadings under penalty of default.

Rule of Pleading, Practice and Procedure 8.04W, RCW Vol. 0, provides in part:

"(2) Pleadings in all cases must be filed on or before the time fixed by the notice of the adverse party for the hearing of any motion addressed thereto. The party whose pleading is not filed within such time may be adjudged in default."

The penalty of default can be imposed when notice requiring the filing of a pleading is not complied with, in which instance the default is not due to failure to serve the pleading, but refusal to file it. We see no conflict in the provisions of Rules of Pleading, Practice and Procedure 41.04W and 8.04W, and Rule 35(b) of the Special Rules of the Superior Court for King County.

The issues were joined as to defendants Payne and Richardson on December 22, 1959, and as to defendant Rice Trimble Company on March 10, 1960. The plaintiffs permitted their claim against the defendants to lie dormant until December 1, 1961. Their failure to proceed within one year after the issues were joined entitled the

defendants to a dismissal without prejudice, under the mandatory provisions of Rule of Pleading, Practice and Procedure 41.04W.

The judgment is reversed, and the cause remanded with instructions to enter an order of dismissal in accordance with the views herein expressed.

WEAVER, FOSTER, HUNTER, and HAMILTON, JJ., concur.

---

September 26, 1962. Petition for rehearing denied.