[No. 36889. Department One. January 30, 1964.]

HERMAN N. SIMPSON, *Appellant*, v. GLACIER LAND COMPANY *et al.*, *Respondents.**

*Reported in 388 P. (2d) 947.

*Selander, Clark, Leavitt & Chantry,* by *Irving Clark, Jr.* and *Kenneth J. Selander,* for appellant.

*Holman, Marion, Black, Perkins & Coie, John W. Ellis, Richard R. Albrecht, Jones, Grey, Kehoe, Hooper & Olsen,* and *Maurice E. Sutton,* for respondents.

PER CURIAM—The plaintiff's action was dismissed for want of prosecution pursuant to Rule 41.04W, Rules of Pleading, Practice and Procedure, RCW Vol. 0.[1]

The plaintiff sued for damages from all of the defendants for a breach of contract, and alternatively in quantum meruit, for their failure to pay the plaintiff, an industrial engineer, for services rendered to them in connection with the sale of standing timber owned by the defendants.

A chronicle of the pertinent events of the litigation is as follows:

(1) On April 20, 1959, amended complaints were served on the defendants' attorneys.

(2) On May 29, 1959, the complaint was served upon defendant Grill.

(3) On August 28, 1959, the defendants Glacier Land Company, The National Bank of Commerce of Seattle, A. H. Howard, Fraser Madill, Gladys Madill, Margaret Madill, Marjorie Madill, E. L. Place, and J. W. Wick filed and served their answers.

(4) On January 20, 1961, the defendant Grill filed and served his answer.

All of the answers raised issues of fact and law.

(5) In May 1962, the cause was noted on the trial docket by the plaintiff.

---

[1] "(a) *Dismissal on Motion of Parties.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross-claimant, or third-party plaintiff neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. . . ."

(6) In June 1962, the respondents filed their motion for dismissal for lack of prosecution.

The plaintiff concedes the applicability of Rule 41.04W, RCW Vol. 0, *supra,* but contends he was excused from noting the cause for trial within the prescribed time because the clerk of the court refused to note the matter for trial—giving as his reason the fact that it was not at issue to all parties as required by Rule 35(b),[2] Special Rules of the Superior Court for King County.

When the plaintiff first attempted to note the cause for trial, it was not at issue as to all the parties because he had not served the defendant Seigfreid.

A party cannot obtain an extension of the time within which a cause must be noted for trial by simply failing to serve one of the named defendants. The plaintiff maintains that he made a diligent search for the defendant Seigfreid, but could not locate him. If this is true, he could have obtained substituted service under the provisions of RCW 4.28.100, or he could have moved to dismiss this defendant without fear that the statute of limitations would bar his claim. See RCW 4.16.180.

In any event, we have held that a plaintiff is not excused from compliance with the rule by the fact that the clerk of the superior court is required by local court rule to refuse to place a case on the trial calendar which is not at issue as to all parties. *Burns v. Payne,* 60 Wn. (2d) 323, 373 P. (2d) 790.

It has been well established that, where the facts bring a case within the provisions of Rule 41.04W, *supra,* a dismissal is mandatory, and the statute neither requires nor permits the exercise of judicial discretion. *Davis v. Smith,* 60 Wn. (2d) 720, 375 P. (2d) 397. Thus, a dismissal is required where (1) an issue of fact or law has been joined; (2) the plaintiff or the other parties seeking relief has failed

---

[2]Rule 35(b) provides: ". . . *Cases Not at Issue Not to be Docketed.* The clerk shall not place any cause on the trial calendar nor will any cause be set down for trial until the issues have been fully made up and pleadings filed."

to note the action for trial or hearing within one year thereafter; and (3) the moving party has not caused the failure to bring the matter on for trial or hearing. *State ex rel. Washington Water Power Co. v. Superior Court,* 41 Wn. (2d) 848, 250 P. (2d) 536.

It is admitted that the matter was not noted for trial within one year after the cause became at issue as to all the defendants except Mr. Seigfreid. The record discloses that the defendants have not caused the failure to bring the matter on for trial or hearing.

The plaintiff's failure to proceed within one year after an issue was joined requires dismissal under the mandatory provisions of Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0.

The judgment is affirmed.

*Reported in 388 P. (2d) 952.