[No. 38264. Department Two. April 7, 1966.]

SHERMAN DAY, *Respondent*, v. THE STATE OF WASHINGTON et al., *Petitioners*.*

*Reported in 413 P.2d 1.

*The Attorney General* and *Arthur Mickey, Assistant,* for petitioners.

*Neil J. Hoff* and *Miles & Level,* for respondent.

LANGENBACH, J.†—The respondent filed a mandamus action alleging wrongful discharge from his employment, and seeking reinstatement and reimbursement of lost earnings. It is here on a writ of certiorari to review the refusal of the trial court to dismiss the action for want of prosecution under Rule of Pleading, Practice and Procedure 41.04W, RCW vol. 0.

The facts, as set forth in the affidavits, are as follows: On November 12, 1963, respondent filed a petition for writ of mandamus, and a show cause order, returnable December 9, 1963, was issued. On December 4, 1963, the state served and filed an answer. On December 9, 1963, the show cause hearing was stricken because neither counsel appeared; they mutually consented not to appear.

The affidavit of the attorney for respondent asserts that the delay in prosecuting the action was due to an offer of settlement by the state. This offer was made just prior to trial date, and he advised the assistant attorney general that he would take up the matter with the respondent. He advised that a new date would be set if the offer was unacceptable. Later he advised the assistant attorney general that he could not accept the offer.

The affidavit of the assistant attorney general asserted that on the 19th day of March, 1964, the deposition of respondent was taken by the petitioners. That an offer of settlement was made to the respondent at about this time,

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

but was rejected. The date of the offer and rejection, it would appear from letters and memorandum in the file, was on or shortly after the 7th day of April, 1964.

At the hearing before the trial court on the motion to dismiss for want of prosecution, the court stated it would seem to the court that the affidavit of the assistant attorney general implied a stipulation concerning a proposed settlement which occurred about the date of April 7, 1964. It was rejected at that time.

On March 19, 1965, respondent served and filed note of issue, requesting the case be placed on the assignment docket on March 29, 1965. The state then moved to dismiss for want of prosecution under Rule 41.04W. Thereafter, the court heard and denied the state's motion to dismiss.

Rule of Pleading, Practice and Procedure 41.04W, RCW vol. 0, provides:

> (a) *Dismissal on Motion of Parties.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross-claimant, or third-party plaintiff neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party.

■ Under this rule, dismissal is mandatory; judicial discretion is not permitted. *Simpson v. Glacier Land Co.*, 63 Wn.2d 748, 388 P.2d 947 (1964). *Accord, Davis v. Smith*, 60 Wn.2d 720, 375 P. 2d 397 (1962). The action will be dismissed where

> (1) an issue of fact or law has been joined; (2) the plaintiff or the other parties seeking relief has failed to note the action for trial or hearing within one year thereafter; and (3) the moving party has not caused the failure to bring the matter on for trial or hearing. *Simpson v. Glacier Land Co.*, *supra*, at 750.

■ Pretrial procedures, however, have no effect on this rule of dismissal. *Burns v. Payne*, 60 Wn.2d 323, 373 P.2d 790 (1962). The issuance of the show cause order on Novem-

ber 12, 1963, was such a pretrial procedure. However, the issues were joined herein on April 7, 1964, when the state's offer of settlement was finally rejected. This offer was the cause of the delay from the 19th of March, when the offer of settlement had been made. The respondent then had a 1-year period in which to note the action for trial, or it would have been subject to dismissal under this Rule, *supra.*

■ The question before the court was whether the state was responsible for the delay of the respondent in bringing the action on for trial. This question is resolved by the decision in *State ex rel. Philips v. Hall,* 6 Wn.2d 531, 108 P.2d 339 (1940). This case, in substance, held that, where negotiations lead to an offer of settlement, the period of time prior to the offer and rejection is waived. Thus, the time in our case prior to the 7th of April, 1964, when the offer was finally rejected, was waived. The 1-year period, under the Rule, should be computed from that date. Therefore, the note of issue to set the case for trial, which was served on March 19, 1965, was timely.

Accordingly, the trial court was correct in its judgment, which is affirmed.

ROSELLINI, C. J., FINLEY, HAMILTON, and HALE, JJ., concur.