[No. 5332–6–III. Division Three. February 16, 1984.]

RONALD C. LANDBERG, ET AL, *Appellants*, v. THE STATE OF WASHINGTON, ET AL, *Respondents,*

*Ronald C. Landberg* and *Karen A. Boatsman,* pro se.

*Kenneth O. Eikenberry, Attorney General, Mary Ann Condon, Assistant, Curtis Shoemaker, William J. Schroeder,* and *Paine, Hamblen, Coffin & Brooke,* for respondents.

THOMPSON, J.—Ronald Landberg and others (hereafter Mr. Landberg) appeal a dismissal for failure to prosecute. We reverse.

On November 7, 1976, certain events occurred causing Mr. Landberg to file suit against the State of Washington. The State filed an appearance on December 6, 1978. The clerk of the Pend Oreille County Superior Court issued a notice on May 14, 1980, to dismiss for failure to prosecute pursuant to CR 41(b)(2). On June 13, 1980, Mr. Landberg moved for a default judgment. The State answered on July 3, 1980. A second notice to dismiss for failure to prosecute was issued on June 3, 1982. On June 30, 1982, Mr. Landberg filed a motion and affidavit for change of judge. On July 19, 1982, an order of dismissal was entered.

Mr. Landberg contends since he did take action of record within 30 days after the second notice was issued, it was error to dismiss his case.

CR 41(b)(2)(i) provides:

> (2) *Dismissal on Clerk's Motion.*
> (i) Notice. In all civil cases wherein there has been no action of record during the 12 months just past, the clerk of the superior court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution *unless within 30 days following said mailing, action of record is made or an application in writing is made to the court and good cause shown why it should be continued as a pending case.* If such application is not made or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal with the clerk shall not be assessed against either party.

(Italics ours.)

The rule serves a useful purpose. It protects litigants from dilatory conduct and prevents the cluttering of court records with unresolved and inactive litigation. *Nicholson v. Ballard,* 7 Wn. App. 230, 499 P.2d 212 (1972). However, dismissals for want of prosecution are punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the

controversy. *Yellam v. Woerner,* 77 Wn.2d 604, 464 P.2d 947 (1970).

Mr. Landberg filed two affidavits of prejudice. The first was against Judge Buckley on February 13, 1981. On April 3, 1981, the Supreme Court assigned a visiting judge from Spokane to hear the case. On May 18, 1982, the Supreme Court rescinded its order of April 3, 1981, and assigned the case to Judge Kristianson. Mr. Landberg filed an affidavit of prejudice against Judge Kristianson June 30, 1982. The record is unclear as to what then occurred. The second affidavit may have been honored or perhaps Judge Kristianson recused himself. The only judicial action taken after the second affidavit was filed was the signing of the order of dismissal by Judge Lally, a visiting judge from Spokane.

■ CR 41(b)(2)(i) provides a case shall be dismissed unless within 30 days action of record is made. Mr. Landberg filed his motion for change of judge on June 30, 27 days after the notice for dismissal was issued. This constitutes action of record within 30 days. Although Mr. Landberg entitled his motion a motion for change of judge, it was in fact an affidavit of prejudice under RCW 4.12.050. While the statute authorizes only one affidavit of prejudice to be filed, that is of no consequence here. Even if the second affidavit had not been honored, it still qualifies as action of record. Consequently, it was error to dismiss for failure to prosecute.

Judgment reversed.

GREEN, A.C.J., and MCINTURFF, J., concur.