[No. 53506-0.   En Banc.   March 3, 1988.]

SNOHOMISH COUNTY, *Respondent,* v. THORP MEATS,
ET AL, *Petitioners.*

*Nielsen, Nielsen & Leach,* by *J. Robert Leach,* for petitioner Thorp Meats.

*Oles, Morrison, Rinker, Stanislaw & Ashbaugh,* by *Michele M. Sales,* for petitioner Fiorito Bros.

*Seth R. Dawson, Prosecuting Attorney,* and *Gordon W. Sivley, Senior Civil Deputy,* for respondent Snohomish County.

ANDERSEN, J.—

## FACTS OF CASE

At issue is whether the Court of Appeals erred when it reversed the trial court's dismissal of plaintiff's action for want of prosecution. We hold that it did not err in so ruling.

Mr. and Mrs. Russell Thorp, through their company Thorp Meats, owned waterfront property in Snohomish County. In 1979 they permitted Fiorito Brothers, Inc. to deposit excess fill on this property resulting from a state highway construction project.

On August 11, 1980, Snohomish County, the plaintiff herein, filed an action against Thorp Meats seeking an injunction requiring removal of the fill and restoration of the property to its natural state. Plaintiff amended its

complaint to join Fiorito Brothers as an additional defendant on October 28, 1980.

No further action was taken on the case until January 4, 1982, when plaintiff moved for default. Both defendants then filed answers and the hearing on the default motion was stricken. The case continued to be inactive until, on July 26, 1983, the superior court clerk notified the plaintiff that the case would be dismissed without prejudice pursuant to CR 41(b)(2) if no action was taken within 30 days.

Then within the 30-day period, on August 8, 1983, plaintiff filed a note for trial setting, the setting to occur August 23, 1983. Thereupon one of the defendants filed a motion for dismissal under CR 41, noting the motion for hearing on the August 23 setting date.

On August 23, 1983, counsel for plaintiff went to the superior court administrator's office and secured a trial date of February 9, 1984. Later that day, counsel for both sides appeared before the Snohomish County Superior Court for the hearing on the motion for dismissal. After arguments were heard, the trial court granted the motion and entered an order of dismissal with prejudice. The trial court based its decision on the court's inherent discretion to dismiss actions.

Plaintiff appealed, and the Court of Appeals, by a divided decision, reversed the order of dismissal.[1] A majority of that court held that CR 41(b)(1) controlled, and that it precluded dismissal since the plaintiff had noted the case for trial before the hearing on the motion to dismiss. We granted defendants' petition for review.[2]

There is one issue.

## ISSUE

When a motion to dismiss for lack of prosecution is made, can a dismissal on that basis be prevented by the

---

[1]*Snohomish Cy. v. Thorp Meats*, 46 Wn. App. 13, 728 P.2d 1084 (1986).

[2]RAP 13.4(b).

opposing party noting the case for trial before the motion to dismiss is heard?

## DECISION

CONCLUSION. Where a case is noted for trial before a motion to dismiss for lack of prosecution is heard, dismissal for lack of prosecution is precluded. In this situation, the express provisions of CR 41(b)(1) control over the general provisions of CR 41(b) and over the trial court's discretionary authority.

Defendants argue that a trial court has the authority to dismiss a civil suit for want of prosecution based on its inherent authority and on the first paragraph of CR 41(b) notwithstanding the promulgation of CR 41(b)(1). The sections of CR 41 at issue read as follows:

### DISMISSAL OF ACTIONS

. . .

**(b) Involuntary Dismissal; Effect.** For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.

(1) *Want of Prosecution on Motion of Party.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.

■ We turn first to the argument that a court has inherent authority to dismiss an action even when the facts presented would prohibit dismissal under CR 41(b)(1). A court of general jurisdiction has the inherent power to

dismiss actions for lack of prosecution,[3] but only when no court rule or statute governs the circumstances presented.

> The dismissal of an action for want of prosecution, in the absence of statute or rule of court creating the power and guiding its action, is in the discretion of the court.

*State ex rel. Dawson v. Superior Court,* 16 Wn.2d 300, 304, 133 P.2d 285 (1943).[4] We have consistently held that where the provisions of CR 41(b)(1) and its predecessors apply, dismissal of an action is mandatory; there is no room for the exercise of a trial court's discretion.[5] It follows that in ruling on a motion to dismiss pursuant to CR 41, the trial court may not generally consider the merits of the case nor the hardship which application of the rule may bring.[6]

■ Given these well established rules, it would be anomalous if we were to now hold that a trial court may exercise discretion when faced with circumstances *requiring* that an action under CR 41(b)(1) *not* be dismissed. Before 1967, the only way to avoid dismissal for want of prosecution under the predecessor of CR 41(b)(1) was to note the action for trial within 1 year after issues were joined.[7] In

---

[3]*See State ex rel. Dawson v. Superior Court,* 16 Wn.2d 300, 304, 133 P.2d 285 (1943), cited in *Stickney v. Port of Olympia,* 35 Wn.2d 239, 241, 212 P.2d 821 (1949); *see also Bishop v. Hamlet,* 58 Wn.2d 911, 914, 365 P.2d 600 (1961).

[4]*Accord, Stickney,* at 241; *Gott v. Woody,* 11 Wn. App. 504, 506, 524 P.2d 452 (1974).

[5]*See Day v. State,* 68 Wn.2d 364, 366, 413 P.2d 1 (1966); *Simpson v. Glacier Land Co.,* 63 Wn.2d 748, 750, 388 P.2d 947 (1964); *Burns v. Payne,* 60 Wn.2d 323, 325, 373 P.2d 790 (1962); *State ex rel. Witting v. Superior Court,* 56 Wn.2d 117, 119, 351 P.2d 409 (1960); *Hayes v. Quigg,* 46 Wn.2d 453, 455, 282 P.2d 301 (1955); *State ex rel. Washington Water Power Co. v. Superior Court,* 41 Wn.2d 484, 488, 250 P.2d 536 (1952); *Caldwell v. Caldwell,* 30 Wn.2d 430, 439, 191 P.2d 708 (1948).

[6]*See McDowell v. Burke,* 57 Wn.2d 794, 795–96, 359 P.2d 1037 (1961); *Water Power,* at 489; *State ex rel. Philips v. Hall,* 6 Wn.2d 531, 537, 108 P.2d 339 (1940).

[7]*See Washington Case Law—1954,* 30 Wash. L. Rev. 83, 158–59 (1955).

1967, CR 41(b)(1) was adopted, however, and this critical sentence was added to the rule:[8]

> *If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.*

(Italics ours.) It seems entirely clear to us, and we so hold, that this sentence now bars dismissal whether the case is noted for trial within 1 year of joinder or after, so long as the case is noted for trial before the motion to dismiss is heard.[9] This sentence was promulgated to encourage cases to be heard on the merits, the courts recognizing that involuntary dismissal for want of prosecution "is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy."[10] Thus, the notice of trial setting interposed after the motion to dismiss and before the hearing on the motion is the exception to what would otherwise be a mandatory dismissal under CR 41(b)(1).[11]

It would be illogical to now rule that while dismissal under CR 41(b)(1) is mandatory if the circumstances fit within the rule, nondismissal somehow requires or even allows the exercise of a trial court's discretion in this situation. Indeed, as the Court of Appeals has recognized,

> the 1967 revision contemplates a limitation upon the otherwise inherent discretionary power of the court to dismiss, upon the motion of a party, for failure to bring a case on for trial in a timely fashion.[12]

We conclude that the final sentence of CR 41(b)(1) means precisely what it says, a case shall *not* be dismissed for want of prosecution if it is noted for trial before the

---

[8]*See Yellam v. Woerner,* 77 Wn.2d 604, 606–07, 464 P.2d 947 (1970).

[9]*See Yellam,* at 608; *Gott,* at 507.

[10]*Yellam,* at 608; *Landberg v. State,* 36 Wn. App. 675, 676–77, 676 P.2d 1027 (1984); 4 L. Orland, Wash. Prac., *Rules Practice* § 5502, at 243 (3d ed. 1983).

[11]*McDermott v. Waters,* 78 Wn.2d 89, 91, 469 P.2d 896 (1970).

[12]*Gott,* at 507.

hearing on the motion to dismiss. The rule as it has read since 1967 thus limits the power of the trial court to dismiss for failure to prosecute after the issue is joined and the case noted for trial.[13]

This interpretation does not destroy a trial court's inherent authority to manage its calendar. Where dilatoriness of a type not described by CR 41(b)(1) is involved, a trial court's inherent discretion to dismiss an action for want of prosecution remains.[14]

Nor does our interpretation of CR 41(b)(1) read CR 41(b) out of existence. We are well aware that one commentator has recommended that CR 41(b) be given independent effect:

> Subdivision (b) deals with several types of involuntary dismissals, . . .
> CR 41(b) provides in its initial paragraph that the defendant may move for dismissal for failure of the plaintiff to prosecute or to comply with "these" rules or any order of the court. Although the arrangement of the Rule is such that it might be taken that the first paragraph is merely a generalization of, and controlled by, the specific provisions which follow on, such a reading does not appear to be justified; the first paragraph should be considered as having independent effect.

4 L. Orland, Wash. Prac., *Rules Practice* § 5502, at 241 (3d ed. 1983). This same commentator, however, proceeds to explain that "independent effect" means an application to circumstances other than those presented in this case:

> It is, of course, recognized that specialized provisions of the Rule contained in Subdivision (b)(1) speak in terms of want of prosecution, and provide for dismissal without prejudice if plaintiff does not note the action for trial or hearing within one year after issue joined. Because of these specialized provisions, it must be considered that *the first paragraph of Subdivision (b) must relate to other types of failure to prosecute,* such as abandonment at trial, or failure to attend on the trial date.

[13]4 L. Orland § 5502, at 243.

[14]*See Gott,* at 508, and cases cited therein.

(Italics ours.) 4 L. Orland § 5502, at 241.[15]

Thus, where a motion for dismissal for want of prosecution is prompted by inaction in bringing the case on for trial, CR 41(b)(1) controls over the more general provisions of CR 41(b) to preclude dismissal if the case is noted for trial before the dismissal motion is argued. As noted earlier, CR 41(b)(1) also prevents dismissal under these circumstances pursuant to a trial court's inherent authority.

The Court of Appeals correctly reversed the trial court's dismissal of plaintiff's action since that action was noted for trial before the hearing on the motion to dismiss for lack of prosecution.

Affirmed.

BRACHTENBACH, DOLLIVER, and DORE, JJ., and CUNNINGHAM and HAMILTON, JJ. Pro Tem., concur.

GOODLOE, J. (dissenting)—I dissent. The majority has given too much breadth to CR 41(b)(1). The majority construes the first paragraph of CR 41(b) and CR 41(b)(1) together and makes the failure–to–prosecute language in the first paragraph of CR 41(b) meaningless. I believe that the first paragraph of 41(b) has independent effect from CR 41(b)(1) and preserves the trial court's inherent discretionary dismissal powers.

Under the majority's analysis, a plaintiff can always avoid a dismissal under CR 41(b)(1) simply by noting a case for trial. However, I find it unreasonable to hold that a court cannot dismiss a case for a plaintiff's failure to comply with court orders or rules simply because the plaintiff has noted the case for trial.

The more reasonable result would be to hold that CR 41(b)(1) only governs those circumstances to which it expressly applies, that is, where a party fails to "note the action for trial or hearing within 1 year after any issue of

[15]*See also Miller v. Patterson*, 45 Wn. App. 450, 456, 725 P.2d 1016 (1986).

law or fact has been joined . . ." Only if these circumstances alone are present should a timely notation for trial thwart dismissal. Where a dismissal is raised for reasons independent of and in addition to CR 41(b)(1), the trial court in its discretion may dismiss the case in exercise of its inherent powers or pursuant to the first paragraph of CR 41(b).

The power set forth in the first paragraph of CR 41(b) is inherent in a court of general jurisdiction and exists whether or not it is embodied in a court rule or statute. The power set forth in CR 41(b)(1) and its predecessors arises because it has been specifically granted. Just because mandatory dismissal is avoided under CR 41(b)(1), the court should not be prevented from dismissing for other reasons.

This approach accommodates the need for the court to preserve its equitable powers while insuring that the notation for trial exception of CR 41(b)(1) is not abrogated by unwarranted reliance on authority outside the rule. Only by interpreting the first paragraph of CR 41(b) and CR 41(b)(1) this way will independent meaning be given to both.

The majority concedes that the first paragraph of CR 41(b) and CR 41(b)(1) have independent effect. Majority opinion, at 169 (citing 4 L. Orland, Wash. Prac., *Rules Practice* § 5502, at 241 (3d ed. 1983)). But the majority by its holding denies such independent effect. The majority relies on dicta in *Gott v. Woody,* 11 Wn. App. 504, 524 P.2d 452 (1974), which stated that the 1967 revision to CR 41 limited the court's inherent discretionary power to dismiss for a party's "failure to bring a case on for trial in a timely fashion." Majority opinion, at 168 (citing *Gott,* at 507). However, the precise holding of *Gott* is:

> [W]here the *mere inaction* of a party gives rise to a motion to dismiss for want of prosecution by the adversary, CR 41(b)(1) limits the discretionary authority of the court to dismiss on that ground.

(Italics mine.) *Gott,* at 507. Mere inaction was the only reason for dismissal in *Gott,* and noting the case for trial correctly thwarted mandatory dismissal. *Gott* does not address what happens if there are reasons to dismiss other than mere inaction.

Judge Holman, in his dissent in *Snohomish Cy. v. Thorp Meats,* 46 Wn. App. 13, 728 P.2d 1084 (1986), correctly distinguished *Gott* from the present case:

> [I]n *Gott,* the only ground adduced in support of the motion to dismiss was the 8–month delay in noting the case for trial setting after joinder of issues; in the instant case, the comparable delay of 19 months between joinder and noting for trial setting must be viewed in context with the prejoinder periods[1] of practically zero prosecutorial activity on the part of the County. During this period prior to joinder, the land in question had already been graded, planted, and put to beneficial community use. *Thus, the defendant in Gott could only raise an issue of the type described in CR 41(b)(1), not subject to the exercise of discretion, whereas in the instant case, the equities involved are of a nature typically subject to the court's discretion.*
>
> [1]Approximately 17 months for Thorp Meats and 14 months for Fiorito Brothers.

(Italics mine.) *Snohomish Cy.,* at 19–20. As Judge Holman correctly pointed out, *Gott* is precisely the type of case contemplated by the enactment of CR 41(b)(1). In the present case, more is involved than just a delay in noting the case for trial; thus, this case does not fall entirely under CR 41(b)(1).

The present case should be decided in the same manner as *State ex rel. Dawson v. Superior Court,* 16 Wn.2d 300, 133 P.2d 285 (1943). In *Dawson,* the defendant was precluded from invoking RPPP 3 (predecessor to CR 41(b)(1)) because the plaintiff failed to note the case for trial within 1 year after joining of issues had technically been caused by the defendant. Therefore, since *Dawson* fell within an exception to RPPP 3's mandatory dismissal requirements,

it could not be dismissed pursuant to RPPP 3. Nevertheless, this court held that *Dawson* should be dismissed on equitable grounds pursuant to the court's inherent discretionary dismissal powers. The court reasoned that dismissal was justified because the plaintiff's lengthy delay in prosecuting his action had produced a hardship for the defendant.

*Gott* misconstrues *Dawson*. *Dawson* did not hold that the civil dismissal rule was intended to restrict the court's inherent dismissal power. Rather, RPPP 3, as well as the current CR 41(b)(1), created a specific grant of power in addition to that which the court inherently possesses. *See Snohomish Cy.*, at 21 (Holman, J., dissenting).

Judge Holman further correctly noted that:

If the case is appropriate for the exercise of the court's inherent power, there is nothing a plaintiff can do to avoid the consequences of his dilatoriness; in comparison, if the case involves the court's power to dismiss as provided in CR 41(b)(1), a plaintiff is afforded an escape hatch because he can avoid dismissal by noting the action for trial before the hearing on the motion to dismiss. Finally, the court's inherent power must be exercised with judicial discretion, necessarily requiring that the trial court and any reviewing court consider not only the state of the record but also, under recognized equitable principles, the facts established outside the record; in contrast, the court's power under CR 41(b)(1) is mandatory and based solely on the record.

*Snohomish Cy.*, at 22.

Finally, providing each paragraph of CR 41(b) with meaning is consistent with *Miller v. Patterson,* 45 Wn. App. 450, 725 P.2d 1016 (1986). While *Miller* was concerned with the application of CR 41(b)(2), dismissal on the clerk's motion, *Miller* noted that under CR 41(b) there were three other provisions for involuntary dismissal. These three were the first paragraph of CR 41(b) as well as paragraphs (1) and (3). *Miller* recognized the inherent discretionary power of the court to dismiss the case outside of paragraphs (1), (2), and (3).

In the present case, I would hold that the trial court had the power to dismiss Snohomish County's claim. The trial court's power was both inherent and by virtue of the first paragraph of CR 41(b). The remaining question then would be whether the trial court abused its discretion in granting the dismissal. *See Hayes v. Quigg,* 46 Wn.2d 453, 456, 282 P.2d 301 (1955).

The trial court here based its dismissal on a "laches" theory, pursuant to the court's inherent equitable power to dismiss dilatorily prosecuted cases. Laches is most commonly asserted in response to a delay in filing an action; however, it may also serve to bar a suit for a plaintiff's post–filing delay. *See Stewart v. Johnston,* 30 Wn.2d 925, 934, 941, 195 P.2d 119 (1948); 27 Am. Jur. 2d *Equity* § 155 (1966). Laches may be invoked whenever there has been unreasonable neglect in prosecuting an action coupled with an intervening change of condition making it inequitable to enforce the claim. *Arnold v. Melani,* 75 Wn.2d 143, 147–48, 437 P.2d 908, 449 P.2d 800, 450 P.2d 815 (1968); *Stewart,* at 935. These requirements of unreasonable delay plus prejudice are the identical factors this court has addressed in reviewing a trial court's exercise of its inherent discretionary dismissal power. *See, e.g., State ex rel. Washington Water Power Co. v. Superior Court,* 41 Wn.2d 484, 494, 250 P.2d 536 (1952); *Hayes,* at 456.

In the present case, Thorp Meats' unchallenged affidavit alleged a change in condition (improvement of the property) which would make it inequitable for the County to enforce its claim after a total of nearly a 3–year post–filing delay. These facts support the trial court's finding of laches. I would hold that the trial court did not abuse its discretion in dismissing the County's claim.

I dissent because the majority incorrectly holds that CR 41(b)(1) limits the power of the first paragraph of CR 41(b). Rather, I would hold that the first paragraph of CR 41(b) has independent effect and maintains the trial court's inherent discretionary dismissal power. Therefore, I would

reverse the Court of Appeals and affirm the trial court's dismissal with prejudice of the County's action.

UTTER and CALLOW, JJ., concur with GOODLOE, J.