[No. 35175.    Department Two.    January 26, 1961.]

EDWARD W. FRANKS, *Appellant*, v. THOMAS E. DOUGLAS
et al., *Respondents*.[1]

*Kennett, Evans & Stafford, Lycette, Diamond & Sylvester, and Earle W. Zinn,* for appellant.

*Rosling, Williams, Lanza & Kastner, Paul C. Gibbs,* and *William D. Cameron,* for respondents.

[1]Reported in 358 P. (2d) 969.

WEAVER, J.—Should this action be dismissed for want of prosecution, pursuant to Rule of Pleading, Practice and Procedure 41.04W (a), RCW Vol. 0? The rule provides:

"Dismissal of Causes for Want of Prosecution. (a) Dismissal on Motion of Parties. Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, . . . neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

November 18, 1957, plaintiff filed this action for malpractice against Dr. Thomas E. Douglas and Dr. Stephen B. Nelles. He alleged damage to his person resulted from an operation performed jointly by defendants while plaintiff was under a general anesthetic.

December 31, 1957, defendants filed their answer. Plaintiff's reply and jury demand were filed January 7, 1958.

In response to a letter written by plaintiff's counsel, defendants' counsel, on July 2, 1958, wrote:

"We wish to acknowledge your letter of June 30th in which you ask us to arrange for the deposition of Dr. Douglas within the next two weeks. *We are sorry to inform you that Dr. Douglas was found to be mentally incompetent at a hearing at the King County Hospital approximately two weeks ago.* We are informed that Dr. Douglas is institutionalized at the private psychiatric hospital, Pinell Foundation. When and if a cure is effected and Dr. Douglas is again found to be mentally competent, we shall be happy to arrange for his deposition to be taken by you." (Italics ours.)

Dr. Douglas was found to be mentally incompetent June 5, 1958.

Nothing further occurred in the procedural history of this case until January 8, 1959—a year and a day after plaintiff had filed his reply. On that date, defendants' counsel filed a motion to dismiss the action for want of prosecution, pursuant to Rule of Pleading, Practice and Procedure 41.04W, quoted *supra.*

January 9, 1959, plaintiff served and filed a note for trial setting and, on January 23, 1959, filed a motion for the appointment of a guardian *ad litem* for Dr. Douglas.

The trial court, however, on January 19, 1959, dismissed plaintiff's action, pursuant to defendants' motion of January 8th. Thereafter, it reconsidered this dismissal, concluded it was error to dismiss the action, and orally ruled it would vacate the order of dismissal. Whereupon, this court stayed further proceedings and issued an order to show cause why the trial court should not be prohibited from vacating the order of dismissal.

This court did not pass upon the merits of the issues, but stated:

"The court is of the opinion that the writ of prohibition should issue herein. This, however, is without prejudice to the determination on appeal of the validity of the order of dismissal entered January 19, 1959, from which order the plaintiff, Edward W. Franks, appealed on February 17, 1959." *Franks v. Douglas,* 53 Wn. (2d) 833, 337 P. (2d) 298 (1959).

This appeal considers the validity of the order of dismissal.

Rule of Pleading, Practice and Procedure 41.04W (formerly Rule 3), RCW Vol. 0, has had a long and turbulent history. It has been considered many times by this court, but our prior decisions are of little aid, for the instant case has a unique fact pattern not heretofore considered.

■ The purposes of the rule are at least twofold: first, to protect litigants from dilatory counsel; and second, to prevent the cluttering of court records with unresolved and inactive litigation.

■ A cause must be dismissed if it is clearly within the purview of the rule; no element of discretion is involved. We have recently held, however, that the rule should be strictly construed instead of being extended by construction, thus permitting the parties to reach the merits of the controversy if at all possible. *State ex rel. Witting v. Superior Court,* 56 Wn. (2d) 117, 351 P. (2d) 409 (1960).

■ ·The crux of the problem is the effect of the declaration of·Dr. Douglas's incompetence. It operated to terminate the relationship of attorney and client (see *Flaherty v. Flaherty*, 50 Wn. (2d) 393, 312 P. (2d) 205 (1957)), so that on June 5, 1958, and thereafter, there was no one capable of representing him in the pending litigation.

Plaintiff (appellant) argues that Rule 41.04W does not apply for either, or both, of two reasons.

First, RCW 4.08.060 provides:

"Guardian ad litem for insane persons. When an insane person is a party to an action in the superior courts he shall appear by guardian, or if he has no guardian, or in the opinion of the court the guardian is an improper person, the court shall appoint one to act as guardian ad litem. Said guardian shall be appointed as follows:

" . . .

" (2) When the insane person is defendant, upon the application of a relative or friend of such insane person, such application *shall be made within thirty days after the service of summons* if served in the state of Washington, and if served out of the state or service is made by publication, then such application shall be made within sixty days after the first publication of summons or within sixty days after the service out of the state. *If no such application be made within the time above limited, application may be made by any party to the action.*" (Italics ours.)

Plaintiff urges that by reason of this statute there was a thirty-day period during which he could not proceed to have a guardian *ad litem* appointed to represent Dr. Douglas; hence, the year fixed by Rule 41.04W was extended thirty days. Having applied for the appointment of a guardian *ad litem* within this period, the rule does not apply.

Second, plaintiff urges that RCW 4.20.050, which provides:

"Action not abated by death or disability if it survives— Substitution. No action shall abate by the death, marriage *or other disability* of the party, or by the transfer of any interest therein, if the cause of action survives or continues; *but the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors in interest.*", (Italics ours.)

extends his period to proceed by a year from the date Dr. Douglas was declared incompetent.

The sole question is whether this action should be dismissed under Rule 41.04W.

■ In *State ex rel. Washington Water Power Co. v. Superior Court,* 41 Wn. (2d) 484, 489, 250 P. (2d) 536 (1952), this court said:

"Thus it is apparent, that each case moves in and out of the operation of the time limit fixed by Rule 3 as issues of law or issues of fact are raised and decided. Once the time has begun to run, it is terminated and ended when such issues are dissipated. It commences anew when another such issue is raised."

It is true that the issues raised by the pleadings had not been decided; however, by reason of the unique facts of this case and the statutes, quoted *supra,* a new issue, within the purview of Rule 41.04W, was raised on June 5, 1958, when Dr. Douglas was declared incompetent. Thus, the time fixed by the rule had not expired when counsel for Dr. Douglas moved to dismiss the action on January 8, 1959.

We approve the trial court's conclusion that the order of dismissal of January 19, 1959, should be set aside *as to Dr. Douglas.* In so far as the order affects the alleged cause of action against him, it is reversed; and the cause is remanded, with directions to proceed as the facts and law warrant.

Thus, plaintiff's motions made in this court, pending appeal (a) for an order directing the clerk of the superior court to prepare and transmit to this court a transcript of Dr. Douglas's insanity file as part of the record on appeal, and (b) for an order directing the superior court to appoint a guardian *ad litem* and substitute him as a party to this appeal, or, in the alternative, for this court to appoint a guardian *ad litem,* became moot.

By reason of RCW 4.08.060, the time fixed by the rule is extended, and Dr. Douglas's intervening insanity made premature counsel's motion of January 8, 1959, to dismiss for want of prosecution. It does not, however, prevent the application of Rule of Pleading, Practice and Procedure

41.04W (a) to the action against Dr. Nelles; hence, the judgment of January 19, 1959, dismissing the action against Dr. Nelles, is affirmed.

It is so ordered.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.

---

April 5, 1961. Petition for rehearing denied.