[No. 778-2.    Division Two.    July 6, 1972.]

Don P. Nicholson, *Respondent*, v. R. O. Ballard *et al.,*
*Petitioners.*

*Slade Gorton, Attorney General,* and *Angelo R. Petruss,*
*Assistant,* for petitioners.

*Roger B. Ley,* for respondent.

Pearson, J.—Petitioners, R. O. Ballard and wife, defend-
ants in the original suit, petition this court for a writ of
mandamus or a writ of certiorari to compel the trial court
to reinstate an order of dismissal against plaintiff, Don P.
Nicholson.

The order of dismissal was entered on July 22, 1971,
pursuant to Civil Rule 41(b)(2)(A)[1] by Judge Robert

---

[1]CR 41(b)(2)(A) provides: "In all civil cases wherein there has
been no action of record during the 12 months just past, the clerk of
the superior court shall mail notice to the attorneys of record that such
case will be dismissed by the court for want of prosecution unless
within 30 days following said mailing, action of record is made or an
application in writing is made to the court and good cause shown why
it should be continued as a pending case. If such application is not
made or good cause is not shown, the court shall dismiss each such case
without prejudice. The cost of filing such order of dismissal with the
clerk shall not be assessed against either party."

Bryan of the Superior Court for Kitsap County after the clerk of that court mailed a notice of dismissal for want of prosecution to plaintiff's attorney of record, Mr. Charles Talbot, and after counsel did not respond to this notice within 30 days.

Thereafter, in April, 1972, plaintiff filed a motion to vacate the order of dismissal, pursuant to CR 60(b). It was claimed that plaintiff's file had been turned over to another attorney in the same office, Mr. Roger Ley, and that the clerk's notice did not come to his attention.

Judge Oluf Johnsen of the Superior Court for Kitsap County subsequently entered an order vacating the order of dismissal, finding that Mr. Ley had no personal knowledge of the entry of the order of dismissal, and that entry of that order was the result of inadvertence or excusable neglect on the part of plaintiff's counsel. (CR 60(b)(1).)[2]

As this case was originally filed subsequent to January 1, 1959, CR 41(b)(2)(C) provides that the dismissal procedure under CR 41 is mandatory. No element of discretion exists. Numerous cases have held that mandamus is the proper remedy to require the court to perform a mandatory, as distinguished from a discretionary, act. *State ex rel. Lyle v. Superior Court,* 3 Wn.2d 702, 102 P.2d 246 (1940); *State ex rel. Goodnow v. O'Phelan,* 6 Wn.2d 146, 106 P.2d 1073 (1940); *Day v. State,* 68 Wn.2d 364, 413 P.2d 1 (1966).

We are unable to accept plaintiff's contention that while dismissal is mandatory under CR 41, the trial court possesses the discretion to vacate the order of dismissal under CR 60. Such a result would completely nullify the explicit, mandatory language of CR 41. Consequently, we conclude that once an order of dismissal is entered pursuant to CR 41, it cannot be vacated under CR 60.

The purposes of CR 41 are at least twofold: first, to

---

[2]CR 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

"(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;"

232

protect litigants from dilatory counsel, and second, to prevent the cluttering of court records with unresolved and inactive litigation. *Franks v. Douglas,* 57 Wn.2d 583, 358 P.2d 969 (1961). To allow vacation of an order of dismissal under CR 41 would be contrary to the purposes for such a rule. To limit defendant to an appeal after trial is insufficient in this situation, as the whole purpose of the rule is to limit unnecessary delay and expense.

Consequently, a writ of mandamus is hereby issued, directing the Superior Court for Kitsap County to reinstate the order of dismissal of plaintiff's action.

PETRIE, C.J., and ARMSTRONG, J., concur.