[No. 7779-9-III.   Division Three.   July 14, 1987.]

GEORGE KIRSCHNER, *Respondent,* v. WORDEN ORCHARD CORPORATION, *Appellant.*

*Laurel H. Siddoway, Paul Allison,* and *Randall & Danskin,* for appellant.

*Richard C. Eymann* and *Feltman & Gebhardt,* for respondent.

McINTURFF, C.J.—The superior court dismissed this action without prejudice under CR 41(b)(2) which allows involuntary dismissal on the clerk's motion where plaintiff has failed to prosecute the case. The superior court vacated the dismissal upon motion by the plaintiff. Worden Orchard Corporation appeals the vacation of the order of dismissal. We affirm.

In June 1982, Mr. Kirschner filed a complaint against Worden Orchard Corporation and T. J. Jones alleging conversion and/or negligence in the sale of apple processing equipment owned by Mr. Kirschner. In September 1983, the clerk of the superior court sent a notice of intent to dismiss under CR 41(b)(2) to counsel for Mr. Kirschner, Jones and Worden. No order of dismissal was entered pursuant to this notice. On November 29, 1984, a second CR 41(b)(2) notice of dismissal was prepared. Mr. Kirschner claims he did not receive this notice. In his affidavit, the superior court clerk stated it was his procedure when issuing a clerk's notice of intended dismissal to mail the notice to all counsel of record. He stated the notice was mailed to Mr. Kirschner's attorney and Mr. Jones' attorney on November 29, 1984. The notice to Mr. Kirschner was not returned as undeliverable. The clerk's affidavit states the only reason the order of dismissal was not entered in early January 1985 was that it appeared notice of intent to dismiss had not been mailed to Worden's attorney until a month after notice had been sent to Mr. Kirschner's attorney.

On January 29, 1985, counsel for Mr. Kirschner served a notice for trial setting on both defendants. On January 30,

1985, an order of dismissal without prejudice was entered based on failure of Mr. Kirschner's counsel to take action within the 30 days provided under CR 41(b)(2).

In response to the order of dismissal, Mr. Kirschner's counsel stipulated to strike the trial date and initiated a new action based on breach of contract which was ultimately dismissed with prejudice.

On January 29, 1986, Mr. Kirschner's counsel moved to vacate the order of dismissal of Mr. Kirschner's first action based on excusable neglect under CR 60. The court entered an order vacating the dismissal on April 4, 1986.

The issue is whether it was proper for the trial court to vacate the CR 41(b)(2) order of involuntary dismissal.

CR 41(b) provides the procedure for involuntary dismissal for failure of the plaintiff to prosecute or to comply with these rules or any order of the court. CR 41(b)(1) provides for dismissal on motion of a party. CR 41(b)(2) is applicable to this case. It reads:

(2) *Dismissal on Clerk's Motion.*
(A) Notice. In all civil cases wherein there has been no action of record during the 12 months just past, the clerk of the superior court shall *mail* notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within 30 days following said *mailing,* action of record is made or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If such application is not made or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal with the clerk shall not be assessed against either party.
(B) Mailing notice. The notice shall be mailed in every eligible case not later than 30 days before June 15 and December 15 of each year, and all such cases shall be presented to the court by the clerk for action thereon on or before June 30 and December 31 of each year. These deadlines shall not be interpreted as a prohibition against mailing of notice and dismissal thereon as cases may become eligible for dismissal under this rule.
(C) Applicable date. This dismissal procedure is *mandatory* as to all cases filed after January 1, 1959, and

permissive as to all cases filed before that date. This rule is not a limitation upon any other power that the court may have to dismiss any action upon motion or otherwise.

(Italics ours.)

To warrant dismissal under this rule, three elements are prescribed:

1. The clerk must mail the required notice to the attorneys.

2. No action of record in the case during the preceding 12 months.

3. No action of record, and no showing of good cause for continuing the case, within 30 days following the notice.

When these three elements exist, the rule requires the court to dismiss the action without prejudice.

*Miller v. Patterson,* 45 Wn. App. 450, 455, 725 P.2d 1016 (1986).

Subdivision (b)(2) of CR 41 is an administrative provision designed to clear the clerk's record of inactive cases. 4 L. Orland, Wash. Prac., *Rules Practice* § 5502, at 243 (3d ed. 1983). Dismissals on the clerk's motion for want of prosecution as a general rule cannot be vacated because any other view would render the rule provision ineffective. 4 L. Orland § 5502, at 243; *Nicholson v. Ballard,* 7 Wn. App. 230, 499 P.2d 212 (1972). However, if there is defective notice that the case will be dismissed, the dismissal may be vacated. 4 L. Orland; *Eiden v. Snohomish Cy. Civil Serv. Comm'n,* 13 Wn. App. 32, 533 P.2d 426 (1975).

Dismissals for want of prosecution are punitive or administrative in nature and every reasonable opportunity should be afforded the parties to allow them to reach the merits of the controversy. *Landberg v. State,* 36 Wn. App. 675, 676, 676 P.2d 1027 (1984).

Mr. Kirschner contends that the applicable notice date for applying CR 41(b)(2) is the date when Worden's counsel was notified.

CR 41(b)(2)(A) provides for a clerk's dismissal if within 30 days following the mailing of the notice "to the attor-

neys of record" of dismissal action of record is not made or there is no application in writing to the court and good cause shown why the case should be continued.

Mr. Kirschner argues his case was noted for trial on January 29, 1985 within 30 days of the notice to Worden's counsel, which was mailed sometime after January 1, 1985, and that CR 41(b)(2)(A) sets 30 days from the date notice is mailed to the attorneys of record, not just the plaintiff's counsel.

Worden argues the applicable date to determine if there was action of record by Mr. Kirschner was November 29, 1984, the date the clerk mailed notice to Mr. Kirschner's counsel.

■ No case was found analyzing the starting date of the 30 days under CR 41(b)(2)(A), but the plain meaning of the wording of the rule convinces us the 30 days should commence from the time all parties' counsel are notified.

We hold the applicable notice date to compute the starting time of the 30 days under CR 41(b)(2)(A) is the date by which all parties' counsel had been notified. Mr. Kirschner noted the case for trial within 30 days of this date. Therefore, it was improper for the court to order dismissal under CR 41(b)(2). Per *Eiden*, where the conditions precedent to dismissal have not been met (notice, lapse of 30 days), the court may properly vacate the order of dismissal under CR 60. Accordingly, we do not reach Mr. Kirschner's contentions that the time plaintiff had to act to avoid dismissal was extended by the fact the dismissal was not timely after the notice or that CR 5(a) or 5(b) applies to a clerk's notice of dismissal.

The judgment of the superior court vacating the CR 41(b)(2) order of dismissal is affirmed; this case is remanded to that court for trial.

GREEN and THOMPSON, JJ., concur.