[No. 25116-3-I.   Division One.   September 3, 1991.]

KATHLEEN R. VAUGHN, ET AL, *Appellants,* v. KWAN-BONG CHUNG, ET AL, *Respondents.*

*Douglass A. North, Maltman, Weber, Reed, North & Ahrens,* and *A. Stephen Anderson,* for appellants.

*David J. Bierman* and *Alexander & Associates,* for respondents.

COLEMAN, J. — Kathleen Vaughn appeals the trial court's order denying her CR 60 motion to vacate the order dismissing her case on a clerk's motion pursuant to CR 41(b)(2). We reverse.

On December 13, 1985, Kathleen Vaughn and Kwan-Bong Chung were involved in a car accident in which Vaughn sustained severe physical injuries that required "a long course of treatment". Although Vaughn's physical condition was unstable, her attorney, A. Stephen Anderson, filed a personal injury suit on her behalf on July 24, 1986, in order to preserve her rights that existed prior to the tort reform law. No service of process was made upon Chung at that time.

Because no action had been taken on the case for more than a year, the clerk of the Superior Court filed a notice of dismissal on November 13, 1987 pursuant to CR 41(b)(2).[1] Upon receiving notice of the impending dismis-

---

[1] CR 41(b)(2) reads:

"(A) Notice. In all civil cases wherein there has been no action of record during the 12 months just past, the clerk of the superior court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within 30 days following said mailing, action of record is made or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If such application is not made or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal with the clerk shall not be assessed against either party.

"(B) Mailing notice. The notice shall be mailed in every eligible case not later than 30 days before June 15 and December 15 of each year, and all such cases

sal, Anderson served Chung with process on December 6, 1987, and filed an affidavit of service and notice of a change of address with the court on December 10, 1987. As a result, no order of dismissal was entered.

According to Anderson's affidavit, he subsequently made an arrangement with Don Jacovich, the insurance adjuster of Chung's liability insurance carrier, Mid-Century Insurance Company,[2] "to forego the necessity of a notice of appearance and . . . expenses for counsel pending the opportunity to settle the case." Part of that arrangement included Anderson's promise to Mid-Century that he would provide them with 20 days' notice before filing a motion for default against them. This agreement, however, was never reduced to writing.

On January 12, 1989 — 1 month after the statute of limitation for Vaughn's action had expired — the clerk of the court filed a second CR 41(b)(2) notice of dismissal. An affidavit of mailing filed on that same date indicates that Anderson was sent notice of the clerk's action, but Anderson maintained in his affidavit that he never received such notice. Anderson's legal assistant, Ann Curtis, who was responsible for monitoring the Vaughn file, likewise declared in her affidavit that she was not aware of the January 12, 1989, notice of dismissal despite her scheduled monthly reviews of Vaughn's case. When no response was made by Anderson within the time provided by the rule, the court entered an order of dismissal on February 13, 1989.

---

shall be presented to the court by the clerk for action thereon on or before June 30 and December 31 of each year. These deadlines shall not be interpreted as a prohibition against mailing of notice and dismissal thereon as cases may become eligible for dismissal under this rule.

"(C) Applicable date. This dismissal procedure is mandatory as to all cases filed after January 1, 1959, and permissive as to all cases filed before that date. This rule is not a limitation upon any other power that the court may have to dismiss any action upon motion or otherwise."

[2]Mid-Century Insurance Company is a California corporation affiliated with Farmers Insurance Group of Companies.

Sometime in July 1989, Anderson and Curtis prepared an extensive settlement brochure and submitted it with a demand to Mid-Century. Anderson claimed that it was only through subsequent conversations with the insurance company representatives that he discovered that the case had been dismissed on the clerk's motion.

In his affidavit, Jacovich denied that he and Anderson ever discussed a lawsuit or an extension of time for Mid-Century to file an appearance. Instead, Jacovich stated that he had written two letters to Anderson (dated December 15, 1987, and May 4, 1988, respectively) requesting documentation to support Vaughn's claim but had received no response. He also asserted that Chung never informed him or Mid-Century that he had been served with process and that it wasn't until August 1989 when he went to the courthouse "to check for filings" that he discovered that the action had been filed in 1986 but dismissed for want of prosecution on February 13, 1989.

Relying upon CR 60,[3] Anderson filed a motion to vacate the order of dismissal, attaching his own affidavit and Curtis's affidavit, both declaring that they never received the January 12, 1989, notice of dismissal. Both Anderson and Curtis averred that if they had received the January 12, 1989, notice of dismissal, they would have moved for a default in order to preclude dismissal and to prompt Mid-Century to make an appearance. The court, however, denied the motion to vacate, concluding that "the Snohomish County Clerk complied with all of the requirements of CR 41(b)(2) in dismissing the plaintiff's action,

---

[3]CR 60(b) reads in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

"(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

". . . .

". . . or

"(11) Any other reason justifying relief from the operation of the judgment."

and further concluding that a CR 41 dismissal cannot be set aside on a CR 60 motion[.]"[4] Vaughn appeals.

The sole issue on appeal is whether the trial court has the authority to consider a party's CR 60(b) motion to vacate an order of dismissal entered pursuant to CR 41(b)(2). Vaughn argues that the trial court has the discretion to vacate a CR 41(b)(2) dismissal pursuant to the broad powers granted to the court under CR 60(b).[5] Chung, in contrast, maintains that *Nicholson v. Ballard*, 7 Wn. App. 230, 499 P.2d 212 (1972), a Division Two case, correctly ruled that CR 60(b) may not be used to vacate a CR 41(b)(2) order of dismissal.

■ The purpose of CR 41(b)(2) is "to provide a relatively simple means by which the court system itself, on its own volition, may purge its files of dormant cases." *Miller v. Patterson*, 45 Wn. App. 450, 455, 725 P.2d 1016 (1986). The rule also protects litigants from dilatory counsel. *Franks v. Douglas*, 57 Wn.2d 583, 358 P.2d 969 (1961). As noted in *Kirschner v. Worden Orchard Corp.*, 48 Wn. App. 506, 739 P.2d 119 (1987), dismissal is warranted under CR 41(b)(2) when (1) the clerk has mailed the required notice to the attorneys, (2) no action of record occurred during the 12 months preceding the notice, and (3) no action of record and no showing of good cause for continuing the case occurred within 30 days following the notice. *Kirschner*, at 509. Dismissal under the rule is mandatory. CR 41(b)(2)(C).

*Nicholson* first addressed the issue of whether a trial court may properly vacate an order of a CR 41(b)(2) dismissal upon a party's showing of inadvertence or excusable neglect. Concluding that CR 60(b) could not be used to vacate such a dismissal, the Court of Appeals issued a writ of mandamus directing the trial court to reinstate the order of dismissal that had been vacated. The court

---

[4]We recognize that the trial court was bound to follow *Nicholson v. Ballard*, 7 Wn. App. 230, 499 P.2d 212 (1972), which reached the same conclusion.

[5]Vaughn does not contend on appeal that the clerk failed to comply with the requirements of CR 41(b)(2).

reasoned that allowing vacation of a CR 41(b)(2) dismissal would "completely nullify the explicit, mandatory language of CR 41." *Nicholson*, at 231.

Two subsequent opinions, *Eiden v. Snohomish Cy. Civil Serv. Comm'n*, 13 Wn. App. 32, 533 P.2d 426 (1975) and *Kirschner*, also considered the effect of a CR 60(b) motion upon a CR 41(b)(2) dismissal. However, in both of those cases the court clerk had failed to provide the attorneys of record with proper notice as required by CR 41(b)(2). Thus, it was not necessary for those courts to address the rationale of *Nicholson*.

■ We are not persuaded by the logic of *Nicholson*. The purpose of CR 41(b)(2) is to enable court clerks to clear their respective dockets of "dormant" cases. *See Miller*, at 455. This purpose is in no way thwarted by permitting a trial court to review the circumstances under which a case was dismissed pursuant to CR 41(b)(2) and to grant relief available under CR 60(b) when required by equity. Contrary to the reasoning in *Nicholson*, CR 41(b)(2) was not intended to undermine the critical function of CR 60(b).[6]

Because the trial court in this case was compelled to follow *Nicholson*, it exercised no discretion in response to Vaughn's CR 60(b) motion. We hold that a trial court may exercise its discretion pursuant to CR 60(b) in determining whether a party moving to vacate a CR 41(b)(2) dismissal is entitled to relief. We emphasize that we express no view as to the merits of Vaughn's motion to vacate. Our holding merely permits the trial court, on remand, to exercise its discretion pursuant to CR 60(b).

---

[6]During oral argument, an example was presented by Vaughn's counsel which illustrated the inflexibility of the *Nicholson* approach. In that hypothetical situation, an attorney of record never receives the clerk's notice to dismiss pursuant to CR 41(b)(2), and, consequently, never takes the required action to prevent an order of dismissal from being entered. After learning of the dismissal, the attorney discovers that the clerk's notice had been misplaced by the post office and in fact was never processed. Under *Nicholson*, the trial court would be precluded from granting relief, a result which would clearly be unjust under those circumstances.

The order of the trial court is reversed, and the case is remanded with instructions for the trial court to conduct further proceedings consistent with this opinion.

GROSSE, C.J., and PEKELIS, J., concur.

Review granted at 118 Wn.2d 1007 (1992).