628

[No. 56232-1-I.   Division One.   October 2, 2006.]

DARRELL R. PLOUFFE, *Appellant*, v. PAUL M. ROOK, *Respondent*.

*James R. Walsh* and *Thaddeus D. Sikes* (of *Law Offices of James R. Walsh*), for appellant.

*Daniel R. Kyler* (of *Rush, Hannula, Harkins & Kyler, L.L.P.*), for respondent.

¶1 SCHINDLER, A.C.J. — In October 1998, Darrell R. Plouffe filed a lawsuit against Paul M. Rook for injuries he sustained in a rear-end automobile collision. In February 2000, the Snohomish County Clerk sent a CR 41(b)(2) notice of dismissal for want of prosecution to Plouffe's attorney. A month later, the court dismissed Plouffe's lawsuit without prejudice. Five years later, Plouffe filed a motion to reinstate his lawsuit under CR 41(b)(2)(B). Plouffe claimed he did not know about the notice of dismissal and he filed a motion to reinstate as soon as he learned his lawsuit was dismissed. Relying on CR 60(b), the court commissioner denied Plouffe's motion to reinstate his lawsuit.

¶2 Because the plain language of CR 41(b)(2)(B) states that a party is entitled to reinstatement of a lawsuit dismissed for want of prosecution if the party did not receive the clerk's notice of dismissal and the motion is filed within a reasonable time after learning of the dismissal, we reverse the commissioner's decision to deny Plouffe's CR 41(b)(2)(B) motion to reinstate and remand. On remand, Rook is entitled to engage in discovery to determine when Plouffe learned about the clerk's notice of dismissal and the order dismissing his lawsuit for want of prosecution.

## FACTS

¶3 On October 12, 1995, Darrell R. Plouffe was injured when his car was rear-ended. On October 9, 1998, Plouffe filed a complaint for damages against Paul M. Rook. Rook's insurance company, Prudential Property and Casualty, retained an attorney to represent him in the lawsuit.

¶4 Before filing an answer, Rook engaged in substantial written discovery and obtained Plouffe's medical records. On January 5, 1999, Rook filed an answer to Plouffe's complaint admitting liability but denying damages. After Rook filed his answer, Plouffe's attorney did not respond to Rook's repeated requests to schedule depositions and note the case for trial. According to Plouffe, his attorney told him to seek new counsel in December 1999.

¶5 On February 29, 2000, the Snohomish County Clerk filed a "Notice of Dismissal for Want of Prosecution Affidavit of Mailing" (Notice of Dismissal). The Notice of Dismissal states that there was no record of any action in the case within the past 12 months, and the case would be dismissed without prejudice within 30 days of the mailing of the notice unless "A. Action of record is made, or B. Application is made to the court and good cause shown why it should be continued as a pending case, *in writing.*"[1]

¶6 While the Notice of Dismissal mailed on February 29, 2000, was sent to the correct address for Plouffe's attorney, the envelope was returned unopened and stamped "Not deliverable as addressed. Unable to forward." After verifying the address was correct, the clerk's office filed the returned Notice of Dismissal and the envelope in the court file.

¶7 On March 31, 2000, the court entered an "Order of Dismissal for Want of Prosecution" (Order of Dismissal) dismissing Plouffe's lawsuit without prejudice.[2] The Order of Dismissal states:

2.1 Clerk's notice of dismissal for want of prosecution was mailed to the parties of record at their last known addresses not less than 30 days prior to the date of this order, and

2.2 No good cause has been shown why a dismissal should not be entered.

¶8 Approximately five years later, on April 5, 2005, Plouffe filed a "Motion to Grant Relief from Dismissal and For Reinstatement of the Cause of Action Pursuant to CR 41(b)(2)(B)." In his declaration in support of the motion to reinstate the lawsuit, Plouffe asserts that "he had no idea and no notice that my cause of action had been dismissed until the date of February 25, 2005."

---

[1] (Emphasis added.)

[2] The record does not indicate whether the clerk mailed a copy of the Order of Dismissal to Plouffe's attorney. But at oral argument, Plouffe did not dispute that his attorney may have received a copy of the Order of Dismissal.

¶9 Rook opposed Plouffe's motion to reinstate on the grounds of unreasonable delay and prejudice. Relying on CR 60(b), the commissioner denied Plouffe's motion and entered an "Order Denying Plaintiff's Motion For Relief From Dismissal By Clerk For Want Of Prosecution." The commissioner found Plouffe failed to exercise due diligence and failed to file a motion to reinstate his lawsuit within a reasonable time. The commissioner also found Rook was prejudiced by Plouffe's delay.

The motion to vacate a clerk's dismissal is brought under CR 60(b) pursuant to [*Vaughn v. Chung*, 62 Wn. App. 647, 814 P.2d 1249 (1991)]. CR 60 requires several showings. CR 60 itself would seem to limit a motion of this sort to the time frame within one year of this clerk's dismissal. Certainly, we've gone past that. Even if the one year time limit is not applicable, I find specifically that the plaintiff here has failed to exercise due diligence in prosecuting this action. He failed to act in a reasonable time after the dismissal was granted. Apparently, the attorney or attorneys that he had involved in this case did not keep a [sic] eye on the status of this case nor did the plaintiff here.

I find there would be actual prejudice to the defendant. Whatever preparation of work product they had is lost. Whatever investigation was done by the then insurance company and by counsel is lost. And so I find that the motion fails both because it was not done within a reasonable time, that there was no due diligence exercised in bringing the motion or in pursuing the action, and that I find there's actual prejudice to the defendant. So the motion is denied.

Plouffe appeals.

## ANALYSIS

¶10 Plouffe contends the commissioner's decision to deny his CR 41(b)(2)(B) motion to reinstate based on CR 60(b) was an abuse of discretion.

■■ ¶11 The decision to deny Plouffe's CR 41 motion to reinstate is reviewed for abuse of discretion. *Woodhead v. Disc. Waterbeds, Inc.*, 78 Wn. App. 125, 130-31, 896 P.2d

66 (1995). A court abuses its discretion when its decision is based on untenable grounds or for untenable reasons. *Luckett v. Boeing Co.*, 98 Wn. App. 307, 309, 989 P.2d 1144 (1999). A court's decision "is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). Here, the issue is whether the commissioner's decision to deny Plouffe's motion to reinstate was based on the correct standard.

¶12 Interpretation and construction of a court rule is a question of law reviewed de novo. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). In interpreting a rule, our primary objective is to ascertain and give effect to the drafters' intent, and we apply the same principles of statutory interpretation. *Simmerly v. McKee*, 120 Wn. App. 217, 221, 84 P.3d 919 (2004). If a statute is unambiguous, courts are required to apply the statute as written and " 'assume[ ] that the legislature means exactly what it says.' " *State v. Radan*, 143 Wn.2d 323, 330, 21 P.3d 255 (2001) (alteration in original) (quoting *In re Custody of Smith*, 137 Wn.2d 1, 9, 969 P.2d 21 (1998)). An unambiguous statute is not subject to judicial construction, and courts have declined to insert words where the language, taken as a whole, is clear and unambiguous. *Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles*, 148 Wn.2d 224, 239, 59 P.3d 655 (2002). When the language is clear, courts cannot construe a statute contrary to its plain language. *City of Kirkland v. Ellis*, 82 Wn. App. 819, 826, 920 P.2d 206 (1996).

¶13 CR 41(b)(2)(B) was amended in 1997 to specifically address when a party is entitled to reinstatement of a lawsuit dismissed for want of prosecution. CR 41(b)(2)(B) provides:

> Mailing Notice; Reinstatement. The clerk shall mail notice of impending dismissal not later than 30 days after the case becomes eligible for dismissal because of inactivity. A party who does not receive the clerk's notice shall be entitled to reinstate-

ment of the case, without cost, upon motion brought within a reasonable time after learning of the dismissal.

¶14 Former CR 41(b)(2)(B) (1967) provided:

Mailing Notice. The notice shall be mailed in every eligible case not later than 30 days before June 15 and December 15 of each year, and all such cases shall be presented to the court by the clerk for action thereon on or before June 30 and December 31 of each year. These deadlines shall not be interpreted as a prohibition against mailing of notice and dismissal thereon as cases may become eligible for dismissal under this rule.

¶15 Before the 1997 amendment, a motion to vacate a CR 41(b)(2)(B) order of dismissal on a Clerk's motion for want of prosecution was brought under CR 60(b).[3] *See Vaughn v. Chung*, 119 Wn.2d 273, 830 P.2d 668 (1992) (a party may properly seek relief from a mandatory dismissal under CR 41(b)(2) by bringing a motion under CR 60(b)); *Kirschner v. Worden Orchard Corp.*, 48 Wn. App. 506, 739 P.2d 119 (1987) (when a case is dismissed before the conditions to a dismissal under CR 41(b)(2)(A) are met, the court may properly vacate the order of dismissal under CR 60(b)); *Eiden v. Snohomish County Civil Serv. Comm'n*, 13 Wn. App. 32, 533 P.2d 426 (1975) (a plaintiff can move to vacate a CR 41(b)(2)(A) dismissal under CR 60(b) when the plaintiff's case was dismissed without proper notice to counsel).

¶16 The purpose of the 1997 amendment to CR 41(b)-(2)(B) was to give a party the right to bring a motion within a reasonable time to reinstate his lawsuit without cost if the party did not receive the clerk's notice of dismissal. According to the drafters of the 1997 amendment to CR 41(b)(2)(B):

The Committee had also been concerned that cases could be dismissed because of clerical error in mailing the notice or

---

[3] CR 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) [m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." The rule also requires that such a motion under CR 60(b)(1) must be made within a reasonable time and not more than one year after the judgment, order, or proceeding was entered or taken.

failure of the post office to forward mail. The last sentence of proposed section (b)(2)(B) addresses this issue.[4]

¶17 Relying on *Vaughn* and *Shaw v. City of Des Moines*, 109 Wn. App. 896, 37 P.3d 1255 (2002), Rook argues the court commissioner's decision to deny Plouffe's motion to reinstate under CR 60(b) was not on an abuse of discretion. *Vaughn* and *Shaw* do not support Rook's argument. Although *Vaughn* held that a party was entitled to bring a motion to reinstate a lawsuit dismissed for want of prosecution under CR 60(b), *Vaughn* was decided before the 1997 amendment to CR 41(b)(2)(B). *Shaw* is also distinguishable. In *Shaw*, the court reversed an order denying Shaw's motion to vacate an order of dismissal on the clerk's motion under King County Local Rule (KCLR) 41(b)(2)(A).[5] 109 Wn. App. at 900. But, here, Plouffe filed a motion to reinstate under CR 41(b)(2)(B).[6]

¶18 We conclude the court commissioner erred in relying on CR 60(b) to deny Plouffe's motion to reinstate under CR 41(b)(2)(B). As a result of the 1997 amendment, a party is entitled to bring a motion to reinstate under CR 41(b)(2)(B). And the plain and unambiguous language of the rule requires the court to reinstate a lawsuit dismissed on the clerk's motion for want of prosecution if the party does not receive notice of the dismissal and the motion is filed within a reasonable time after learning of the dismissal. When the party receives the notice of dismissal and what constitutes

---

[4] Purpose statement to proposed amendment to CR 41, Official Advance Sheets, 130 Wn.2d No. 8 at Proposed-104 (Jan. 14, 1997).

[5] KCLR 41(b)(2)(A) provides:

Failure to Appear for Trial. If the court has not been previously notified that the trial is no longer necessary, an order of dismissal will be entered on the date the trial is to be commenced. If the court has been notified and the case has not been disposed of within 45 days after the scheduled trial date, the case will be dismissed without prejudice on the clerk's motion without prior notice to the parties, unless the parties have filed a certificate of settlement as provided in [KC]LR 41(e)(3). The clerk will mail all parties or their attorneys of record a copy of the order of dismissal.

[6] Moreover, the language of CR 60 does not limit the trial court's ability to consider a motion for relief from judgment under CR 41(b)(2)(B). CR 60(c) provides, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding."

a reasonable time depend on the facts and circumstances of each case.[7]

¶19 We reverse the decision denying Plouffe's motion to reinstate and remand. On remand, Rook is entitled to engage in discovery to determine when Plouffe learned of the dismissal and whether Plouffe brought his motion within a reasonable time after learning of the dismissal.[8]

GROSSE and COX, JJ., concur.

---

[7] *Luckett*, 98 Wn. App. at 312.

[8] Given our decision to reverse and remand, we need not address Plouffe's argument that the clerk's March 6, 2000, Order of Dismissal is void because the clerk failed to wait the required 30 days after Plouffe received the clerk's Notice of Dismissal.