**FILED**
**MARCH 31, 2026**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Seizure of Property of | ) | |
| | ) | No. 40942-2-III |
| LINHUI YAN AND/OR HIS SPOUSE | ) | |
| YAN YANG AS COMMUNITY | ) | |
| PROPERTY AND/OR SEPARATE | ) | |
| PROPERTY, | ) | |
| All Bank Accounts of Banner Bank of his | ) | |
| Separate Property and/or Community | ) | |
| Property that were frozen/seized by the | ) | |
| Columbia River Drug Task Force | ) | |
| including but not limited to account | ) | |
| number ending in 5060 in the amount of | ) | |
| $27,300 USD, any and all other Banner | ) | |
| Bank Accounts not yet known; Bank | ) | |
| Accounts of Wells Fargo Bank of his | ) | |
| Separate Property and/or Community | ) | |
| Property that were frozen/seized by the | ) | UNPUBLISHED OPINION |
| Columbia River Drug Task Force | ) | |
| including but not limited to account | ) | |
| ending in 6379365080 in the amount of | ) | |
| $1,820 USD, account number | ) | |
| 53701015079 in the amount of $6,800 | ) | |
| USD, account number ending in | ) | |
| 6379005827 in the amount of $15,512.16 | ) | |
| USD, account number ending in 60569351 | ) | |
| in an amount yet to be determined; | ) | |
| account number ending in 6379005827 in | ) | |
| the amount of $15,512.16 USD, account | ) | |
| number ending in 2820 in an amount of | ) | |
| $42,758.23 USD; Bank Accounts or | ) | |
| Security Accounts of TD Ameritrade of | ) | |
| his Separate Property and/or Community | ) | |
| Property that were frozen/seized including | ) | |

but not limited to account number )
255972991 in the amount of $40,000 )
USD; all cards taken from accounts stated )
above, Assets of all cash taken from the )
property of 2022 102nd Street South, )
Tacoma, WA 98444. )
  )
  )
LINHUI YAN and YAN YANG, )
  )
               Appellants, )
  )
     v. )
  )
COLUMBIA RIVER DRUG TASK )
FORCE, )
  )
               Respondent. )

COONEY, J. — Linhui Yan and his wife, Yan Yang (collectively the "Yans"), filed a complaint for the return of property seized by the Columbia River Drug Task Force. The superior court dismissed the matter under CR 41(b)(2) after no action was taken on the case for 12 months. Shortly thereafter, the Yans filed a motion to reinstate the case, claiming they had not received notice of the impending dismissal. The trial court denied the Yans' motion as well as a subsequent motion for reconsideration. We reverse and remand for reinstatement of the case.

## BACKGROUND

In early 2023, the Columbia River Drug Task Force seized property from the Yans related to crimes involving their massage business. The Yans filed a complaint against

Chelan County, the Chelan County Sheriff's Office, and the Columbia River Drug Task Force seeking return of their property. The complaint was signed by Mr. Yan's attorney, Gregory Hoover, and Ms. Yang's attorney, George Davenport. Although the two attorneys shared a common street address, their practices were housed in different suites.

On August 13, 2024, the Chelan County Clerk's Office filed a notice of dismissal for want of prosecution. The notice set a hearing on the notice for September 20, 2024. The bottom of the notice listed the names and addresses of Mr. Hoover and the Chelan County Prosecuting Attorney. On September 20, 2024, the superior court entered an order dismissing the case for want of prosecution based on the Yans' attorneys not appearing or responding to the notice.

On November 25, 2024, Mr. Yan filed a motion to reinstate the case. In support of the motion, Mr. Hoover declared that he was notified by opposing counsel on November 25, 2024, that the case had been dismissed two months prior in September. Mr. Hoover claimed he "checked [his] file and did not see any letter or notice from the court as to any clerk motion to dismiss," and he "had not received any such mail at [his] office that [he was] aware of." Clerk's Papers (CP) at 38. Mr. Hoover asserted that Mr. Davenport denied receiving any notice of the dismissal. Mr. Hoover indicated that the case went through discovery, and "[the parties] had discussions involving possible depositions and now was in negotiations." CP at 38. In a second declaration, Mr. Hoover noted that Ms. Yang's attorney, Mr. Davenport, receives mail at a separate address.

The Yans' motion to reinstate the case was heard on December 13, 2024. The court denied the motion following argument, reasoning, "[T]he clerk sent notice to the attorney of record's address, there's no separate notice of appearance from Mr. Davenport, and that there was no action in the court for a year." Rep. of Proc. at 9. The Yans timely filed a motion for reconsideration. The court denied the motion for reconsideration based on the Yans' failure to comply with CR 59(b).

The Yans timely appeal.

## ANALYSIS

The Yans argue the trial court erred in denying their motion to reinstate their case. We agree.

We review a trial court's decision on a motion for reinstatement under CR 41(b)(2)(B) for an abuse of discretion. *Plouffe v. Rook*, 135 Wn. App. 628, 632, 147 P.3d 596 (2006). A court "abuses its discretion when it acts on untenable grounds or its ruling is manifestly unreasonable." *State v. Gaines*, 194 Wn. App. 892, 896, 380 P.3d 540 (2016). A court necessarily abuses its discretion when its ruling is based on an erroneous view of the law. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

CR 41(b)(2)(A) provides:

> In all civil cases in which no action of record has occurred during the previous 12 months, the clerk of the superior court shall *notify the attorneys of record by mail* that the court will dismiss the case for want of prosecution unless, within 30 days following the mailing of such notice, a

4

> party takes action of record or files a status report with the court indicating the reason for inactivity and projecting future activity and a case completion date. If the court does not receive such a status report, it shall, on motion of the clerk, dismiss the case without prejudice and without cost to any party.

(Emphasis added.) Under CR 41(b)(2)(B), "A party who does not receive the clerk's notice shall be entitled to reinstatement of the case, without cost, upon motion brought within a reasonable time after learning of the dismissal."

As an initial matter, the Yans brought a motion to reinstate their case within a reasonable time. The court dismissed the case on September 20, 2024. The Yans filed a motion to reinstate the case approximately two months later on the same day the Chelan County Prosecutor's Office informed them of the dismissal.

Turning to the notice requirements of CR 41(b)(2), the record is vague as to whom the notice of dismissal was mailed. Without providing a declaration of mailing, the deputy clerk simply wrote, "This Notice Was Mailed On August 13, 2024." CP at 34. Presumably, the notice was mailed to the two attorneys listed at the bottom of the notice—Mr. Hoover and Robert Sealby, the Chelan County Prosecuting Attorney. Moreover, the notice fails to state whether it was deposited in the post office, was addressed to the person on whom it was being served, or that the postage was prepaid. CP at 34. Although CR 41(b)(2) does not necessarily require these formalities, such a declaration from the deputy clerk may have been sufficient to rebut Mr. Hoover's contention that he had not received the notice.

5

Importantly, the record is void of any indication the notice was sent to Ms. Yang's attorney, Mr. Davenport. The court noticed this deficiency but reasoned Mr. Davenport was not entitled to notice because he had not filed a notice of appearance. We disagree with this reasoning. Mr. Davenport was independently listed as representing "Wife Yan Yang" in the complaint and cosigned the complaint. CP at 10. The filing of a notice of appearance in conjunction with a complaint would be superfluous.

A party who does not receive the clerk's notice of dismissal shall be entitled to reinstatement of the case. CR 41(b)(2)(B). Because the record does not affirmatively establish that the Yans' attorneys received notice of the notice of dismissal, the court abused its discretion in denying their motion to reinstate their case.

## CONCLUSION

We reverse the trial court's order denying the Yans' motion to reinstate their case and remand for reinstatement of the case.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                                  Staab, J.

6